(Reap. Dec. 9778)

S. S. KRESGE CO. ET AL. *v.* UNITED STATES

Entry No. 780894, etc.

(Decided August 31, 1960)

*Sharretts, Paley & Carter* (*Howard Clare Carter* of counsel) for the plaintiffs.
*George Cochran Doub*, Assistant Attorney General (*Samuel D. Spector*, trial attorney), for the defendant.

RAO, Judge: When this case was called for trial, it and 33 others, enumerated in the schedule hereto attached and made a part hereof, were consolidated for purposes of trial, under the name of *W. T. Grant Co. et al.* v. *United States*, reappraisement No. 212755–A, etc. Subsequent to the trial, however, and in view of this court's decision in the case of *Valley Knitting Co., Inc., et al.* v. *United States*, 44 Cust. Ct. 599, Reap. Dec. 9627, of March 8, 1960, counsel for plaintiffs have abandoned all of said consolidated cases with the exception of the instant action.

Accordingly, the cases enumerated in the schedule are herewith dismissed, and the matters considered in this decision are confined to the issues raised by reappraisement No. 258838–A, *supra*.

The merchandise covered by said appeal consists of three types of cotton rugs entered, respectively, at 20½ cents per square foot, 6¼ cents per square foot, and 4 cents per square foot. The commercial invoice, which is in evidence as defendant's exhibit HH, states that these values are the "ex factory prices" baled packing charges included. Also enumerated on the invoice are charges for inland freight from Sakai to Kobe by truck; storage; insurance; hauling and lighterage; and a buying commission of 5 per centum, which are not included in said ex-factory prices.

The appraiser returned the subject items at the respective values of 22 cents per square foot, 6¾ cents per square foot, and 4⅜ cents per square foot, all f.o.b. net, packed, United States currency. While the basis of appraisement is not shown by the official papers, both parties are in apparent agreement, as expressed in their separate find-

ings of fact submitted to the court, that export value, as defined in section 402(d) of the Tariff Act of 1930, properly applies.

Said section 402(d) provides as follows:

EXPORT VALUE.—The export value of imported merchandise shall be the market value or the price, at the time of exportation of such merchandise to the United States, at which such or similar merchandise is freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, plus, when not included in such price, the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States.

In addition to the official papers which were moved into evidence by counsel for defendant, the record consists of an affidavit of one H. Akawo, president of Akawo & Co., Ltd., self-styled buying agent for plaintiff. This affidavit, plaintiff's collective exhibit 1, recites that Akawo & Co., Ltd., has been a buying agent employed by S. S. Kresge Co. of Detroit since 1935, the war years excluded. In that capacity, it sent employees to visit manufacturers of merchandise sought by their principal to place orders on the latter's behalf.

The affiant stated that he is thoroughly familiar with the prices of any such or similar merchandise and the terms and conditions upon which it is offered for sale; that all of it is offered for sale at ex-factory prices without restriction as to resale, disposition, use, or in any other respects; that delivery is made to the purchaser or his agent at the factory; that charges thereafter arising are for the account of and paid by the purchaser or his agent; that Kobe is the principal market of Japan for the sale of rugs which were purchased for exportation to the United States; and that the price is completely independent of the quantity purchased.

A typical invoice showing ex-factory prices, plus, but not included therein, the charges subsequently arising, was attached to the affidavit to illustrate one method followed by Akawo & Co., Ltd., in invoicing merchandise shipped to the American purchaser. It is a copy of consular invoice 9522 of October 11, 1954, covering the merchandise at bar.

It is the contention of the plaintiff that the inland charges hereinabove specified are not part of the value of the subject merchandise, since allegedly the record establishes that such and similar merchandise could be purchased ex-factory, and since said charges are separately shown on the invoice. The claim is made that the facts in the instant case are the same in all material respects as those in *United States* v. *Dan Brechner et al.*, 38 Cust. Ct. 719, A.R.D. 71, and *Gitkin Co.* v. *United States*, 43 Cust. Ct. 508, Reap. Dec. 9524 (appeal pending), and to that extent distinguishable from the situations obtaining in the cases of *United States* v. *Paul A. Straub & Co., Inc.*,

41 C.C.P.A. (Customs) 209, C.A.D. 553, and *Albert Mattola, etc.* v. *United States*, 46 C.C.P.A. (Customs) 17, C.A.D. 689. It is urged, therefore, that the general rule that such charges form no part of the value of imported merchandise is applicable and that under the principles expressed in *United States* v. *Fritzsche Bros., Inc.*, 35 C.C.P.A. (Customs) 60, C.A.D. 371, the correctness of the appraiser's action may be challenged without bringing up for review any other elements entering into the appraisement of the instant merchandise.

It is further contended that the item of commission represents a *bona fide* buying commission not chargeable to the value of merchandise under well-settled principles of law. *United States* v. *S. S. Kresge Co. et al.*, 26 C.C.P.A. (Customs) 349, C.A.D. 39, and cases cited therein.

Counsel for defendant takes the position that plaintiff has not made out a *prima facie* case overcoming the statutory presumption of correctness of the appraiser's action and that the *Valley Knitting Co.* case, *supra,* is here controlling.

It is, of course, apparent that since the ultimate question involved in this action is the inclusion in the dutiable value of the subject merchandise of certain inland charges and a buying commission, the *Brechner* and *Gitkin* cases, *supra,* as well as *Valley Knitting Co., Inc.*, are generally related to its disposition. All three were concerned with merchandise exported from Japan by alleged buying agents, after purchase from Japanese manufacturers at claimed ex-factory prices which did not include the disputed charges.

In the *Brechner* case, it was held that by reason of the mechanics of the appraisement, the value found by the appraiser constituted, in the first instance, an affirmation of the invoiced unit ex-factory or first cost prices; and since the contested charges, which the appraiser added to the unit prices in making his finding of value, were separate elements in the appraisement, under authority of *United States* v. *Fritzsche Bros., supra,* they were subject to separate attack without disturbing the inherent correctness of the *per se* values.

The *Brechner* decision rests firmly upon this underlying principle. Indeed, under any other construction its record is clearly inadequate to support a finding of values other than those returned by the appraiser, and in the decision there is specific reference to the relaxation of the burden ordinarily imposed upon a plaintiff in a reappraisement proceeding of establishing all of the material issues in the case. (*Meadows, Wye & Co. (Inc.) et al.* v. *United States*, 17 C.C.P.A. (Customs) 36, T.D. 43324; *Brooks Paper Company* v. *United States*, 40 C.C.P.A. (Customs) 38, C.A.D. 495.) As was therein observed:

Appellant's essential dispute with the decision of the trial court lies in the underlying proposition that the unit values returned by the appraiser were not separable into first cost and additional charges, but were, in fact, total unit

values, not subject to partial attack under the principle of the *Fritzsche* and *Freedman & Slater* cases, *supra*. It is for this reason that appellant urges the necessity of proof, but the lack thereof, of the principal markets in Japan, and the freely offered price to all purchasers.

Especially in view of the method of invoicing the merchandise involved in these cases—the specification of first cost or ex-factory prices, and the addition of total export charges—and appellant's concessions, made on several occasions during both the pretrial hearings and the trial itself, that the only issues in these cases were the principal market and the export charges, the latter being subject to the objection of excessiveness, we deem appellant's position to be untenable.

It seems clear that the *per se* unit values were never in dispute. As invoiced, they were adopted by the importer; as invoiced, they were accepted and approved by the appraiser in his return. It is not to be supposed, because the appraiser also included the export charges in the value which he found, that the *per se* invoice prices were not a separate element.

We are in agreement with the trial court that the rule of the *Fritzsche* and *Freedman & Slater* cases, *supra*, as approved in *United States* v. *Schroeder & Tremayne, Inc., et al.*, 41 C.C.P.A. (Customs) 243, C.A.D. 558, applies, and that appellees had the right to rely upon the presumption of correctness of the appraiser's return, with all of the findings inherent therein, with respect to all items not specifically challenged in this action.

Unless the principle of the *Fritzsche* case applies as well to the instant action, there can be no doubt that the record is lacking in the essentials of proof to establish the claimed export value within the framework of the statutory definition. Little more need be said than that plaintiff's exhibit 1 consists of the unsupported conclusions of the affiant which are without evidentiary value under settled law. *Brooks Paper Company, supra*; *Kobe Import Co. v. United States*, 42 C.C. P.A. (Customs) 194, C.A.D. 593.

Accordingly, it becomes important to determine whether the appraisement in this case is susceptible of being challenged in part within the concept of the *Fritzsche* rule so as to obviate the need for the proof which plaintiff has not supplied.

The *Fritzsche* case involved an addition to the invoiced unit value of an importation of musk pods of a percentage increase to compensate for loss of weight or shrinkage. By stipulation of the parties, it was agreed that the addition was made because, in the opinion of the appraiser, the merchandise had increased in value by reason of loss in weight. In actual fact, the formal return of the appraiser showed his calculations. He appraised the merchandise at $20 per ounce plus 8.40108% net. This was construed by the court as an affirmance of the *per se* unit value, upon the correctness of which the plaintiff was entitled to rely, while controverting the addition for shrinkage. Inherent in the court's decision is a finding that the challenging of the disputed item would not operate to destroy the otherwise valid ele-

ments of the *per se* value approved by the appraiser. *United States* v. *Schroeder & Tremayne, Inc., supra.*

The *Brechner* case, *supra,* involved so-called duress entries filed pursuant to section 503(b) of the Tariff Act of 1930 (since repealed). In making said entries, the importer set forth the individual first costs or ex-factory prices per gross of the subject merchandise. These he totaled, and then added the total export charges for inland freight, storage, hauling, and lighterage, etc. By checking the appropriate column in the Summary of Entered Values, the appraiser indicated that he had appraised the merchandise as entered. This method of entering and appraisement, together with the stipulation of the parties that the issues in the case were confined to the inland charges and the site of the principal market, led this court to conclude, as hereinabove quoted, that the *per se* values were, in effect, adopted by the appraiser in his ultimate return and were available to the importer, without further proof, as presumptively correct findings.

Unlike the *Brechner* case, the appraisement at bar does not show a first cost or *per se* price to which the inland charges and commission are added. It is a single unit price, f.o.b. net, packed, which, to be sure, by its very statement encompasses such charges, but whether as invoiced, or in some other amount, the return does not reveal. That a mathematical computation might tend to indicate that the appraiser divided the number of square feet of rugs imported into the specified charges and increased the invoice unit values to that extent, does not necessarily suggest that he so acted. It may be coincidence that such results ensue, for it is equally possible that he found the charges excessive and the *per se* values inadequate, and made his computation accordingly. In view of the way the appraised value was expressed, the court may not, without proof, inquire into the methods by which it was ascertained. To challenge the item of the charges under such circumstances, is to bring into question the remainder of the appraisement and to destroy the foundation upon which it is based.

In this case, the presumption of correctness attaches to the total unit values returned by the appraiser. Although he is presumed to have ascertained those values by a proper consideratioin of every element composing them under the statutory definition, no presumption attaches thereto without more detailed specification. Consequently, his return is not separable into any such components as would invite the application of the *Fritzsche* rule.

Since plaintiff contends for an export value different from the value found by the appraiser, it assumed the burden of showing that value in accordance with the statutory prescription. It was required to establish that the merchandise at bar was freely offered for sale to

all purchasers for exportation to the United States, in the principal markets of the country of exportation, in the usual wholesale quantities, and in the ordinary course of trade, at the invoice prices, and that there was no higher foreign value for such or similar merchandise. These are the material issues in the case, which have not been conceded, nor assumed by statutory presumption. Neither, as the court has heretofore held, have they been shown by competent proof. Hence, the presumptive correct values returned by the appraiser stand undisturbed.

The court, therefore, finds—

1. That the merchandise covered by the instant appeal for reappraisement consists of cotton rugs exported from Japan, which were entered at the invoice unit values, baled packing charges included.

2. That said merchandise was appraised on the basis of export value, as defined in section 402(d) of the Tariff Act of 1930.

3. That the appraisement was expressed in terms of unit values per square foot, f.o.b. net, packed, which values were higher than the invoice unit values.

4. That charges for inland freight from factory to seaport, storage, insurance, hauling and lighterage, and a buying commission are included in said f.o.b. unit prices.

5. That the appraisement is not separable into components of ex-factory prices and inland charges so as to permit of the application of the rule in the case of *United States* v. *Fritzsche Bros. Co., Inc.*, 35 C.C.P.A. (Customs) 60, C.A.D. 371.

6. That there is no competent evidence to show any other unit prices than those returned by the appraiser.

7. That the appeals for reappraisement enumerated in the schedule annexed to this decision have been abandoned.

The court, therefore, concludes that—

1. The statutory presumption of correctness attaching to the appraiser's return of values for the merchandise covered by this appeal for reappraisement has not been overcome.

2. The proper basis for appraisement of the merchandise involved herein is export value, as that value is defined in section 402(d) of the Tariff Act of 1930, and that such statutory values are as found by the appraiser.

3. The appeals for reappraisement enumerated in the schedule attached to this decision are dismissed.

Judgment will be rendered accordingly.