(Reap. Dec. 10158)

DESCOWARE CORP. *v.* UNITED STATES

Entry No. 55617.

(Decided February 1, 1962)

*Barnes, Richardson & Colburn* (*Norman Schwartz* and *Hadley S. King* of counsel) for the plaintiff.

*William H. Orrick, Jr.,* Assistant Attorney General (*Daniel I. Auster* and *Morris Braverman,* trial attorneys), for the defendant.

JOHNSON, Judge: The merchandise involved in this appeal for reappraisement consists of various articles of enameled cast-iron cookingware, exported from Belgium on or about March 18, 1960. The articles were appraised at certain unit values in Belgian francs, less 20 per centum, plus packing, as invoiced. By amended statements, filed under rule 15(d), the parties have agreed upon corrected unit values, which are set forth in schedule "A," attached hereto and made a part hereof. Plaintiff claims that the dutiable value is represented by the corrected unit values for the respective articles, less 40 per centum discount, plus 10 per centum sales tax, plus packing, as invoiced.

It was stipulated at the trial that, on or about the date of exportation, such or similar merchandise was not freely offered in Belgium for exportation to the United States. This merchandise appears on the final list published in T.D. 54521, and the parties are in agreement that foreign value, as defined in section 402a(c) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis for determination of the value thereof.

There was received in evidence an affidavit of Octave Rary, president of Fonderie Emaillerie, manufacturer of the imported merchandise, sworn to May 9, 1961, to which are attached 3 pricelists, effective August 1, 1950, May 31, 1956, and August 22, 1959, respectively. The affiant states that he has been president of Fonderie Emaillerie since April 1960; that, prior to that time and since June 1951, he had been a managing director; and that he has at all times been personally familiar with the sale of enameled cast-iron ware both for home consumption in Belgium and for export to the United States. The affidavit continues:

That the items listed on the attached price-lists, which are the same or similar to those sold to the United States, were offered for sale to all buyers in Belgium regardless of their status and without restriction and from such list prices discounts were granted dependent upon the quantity purchased and without regard to the status of the buyer as follows:

|  | Discount |
|---|---|
| 500 kilograms or more | 40% |
| 350 kilograms to 500 kilograms | 35% |
| 200 kilograms to 350 kilograms | 30% |
| 50 kilograms to 200 kilograms | 27% |

That the sales for home consumption in Belgium for the period January 1, 1959 to December 31, 1959 were as follows:

|  | Discount | Number of sales |
|---|---|---|
| 500 kilograms or more | 40% | 1.175 |
| 350 kilograms to 500 kilograms | 35% | 5 |
| 200 kilograms to 350 kilograms | 30% | 15 |
| 50 kilograms to 200 kilograms | 27% | 31 |

That the sales for home consumption in Belgium for the period January 1, 1960 to March 15, 1960 were as follows:

|  | Discount | Number of sales |
|---|---|---|
| 500 kilograms or more | 40% | 240 |
| 350 kilograms to 500 kilograms | 35% | 1 |
| 200 kilograms to 350 kilograms | 30% | 5 |
| 50 kilograms to 200 kilograms | 27% | 7 |

That FONDERIES & EMAILLERIES D'AUDENARDE, located at Audenarde, Belgium is the only other manufacturer of enamelled cast-iron ware similar to that manufactured by FONDERIE EMAILLERIE, Société Anonyme of Brussels.

According to the affidavit, from July 16, 1955, until May 4, 1961, sales in Belgium were subject to a transmission tax of 10 per centum of the net invoice amount.

The pricelist, dated August 22, 1959, contains the following statement:

The following discounts are granted on the base prices of this pricelist, in accordance with the size of the order:

For orders of 50 kgs. to 200 kgs.=27%
200 kgs. to 350 kgs.=30%
350 kgs. to 500 kgs.=35%
500 kgs. and more =40%

Defendant offered no evidence but moved to incorporate the record in *D. E. Sanford Company* v. *United States*, 40 Cust. Ct. 710, Reap. Dec. 9087, which case involved cast-iron ware, made by the same manufacturer and exported from Belgium between June 14, 1951, and May 18, 1953. There was no objection and the motion was granted.

Plaintiff moved to incorporate the record in *Indussa Corp.* v. *United States*, 47 C.C.P.A. (Customs) 93, C.A.D. 736, which involved enameled cast-iron cookingware, manufactured by Fonderie and Emaillerie d'Audenarde, and exported from Belgium on or about January 8, 1955. Defendant objected to the incorporation of the record, on the ground that the merchandise was not manufactured or exported by the same manufacturer; that the date of exportation was about 5 years prior to that involved herein; and that the sales policy, in that case, could not be relevant in the instant case. Plaintiff claims that the record should be incorporated to show the course of doing business in Belgium in this particular type of merchandise. Decision on the motion was reserved.

Plaintiff has renewed the motion in its brief. Defendant has submitted a statement to the effect that it will not file a brief in this case.

Rule 20 provides that a record in a case previously decided may be incorporated where the case under consideration involves questions of law and fact which are substantially the same in character. Under this rule, it has been held that testimony in a former trial should not be admitted over the objection of a party who was not either directly or substantially a party in the former case. *Charles H. Demarest, Inc.* v. *United States*, 42 Cust. Ct. 180, C.D. 2084. It has also been held that a record will not be incorporated where the issues are different or the dates of exportation are too remote to make the evidence relevant or the evidence is merely cumulative. *William J. Oberle, Inc. (Blumenthal Print Works)* v. *United States*, 8 Cust. Ct. 729, Reap. Dec. 5641; *The A. W. Fenton Co., Inc.* v. *United States*, 44 Cust. Ct. 16, C.D. 2147. A record may be admissible for the purpose of showing method of sale, but the values found in the test case control only for the period of time covered by that case. *Mexican-American Hat Co., by Koeller-Struss Co., et al.* v. *United States*, 9 Cust. Ct. 681, Reap. Dec. 5756.

In the instant case, the objection was raised by the Government, which, of course, was a party to the former case. The merchandise is similar to that involved in the *Indussa* case. The issues are substantially the same, but the dates of exportation and the manufacturer are different. The record in the *Indussa* case cannot establish the value of merchandise subsequently exported nor the method of sale at that time by another manufacturer, but it is relevant for the purpose of showing a continuous course of dealing in this type of merchandise in Belgium in a particular way. It is to be noted that the dates of exportation in the *Sanford* case, whose record was incorporated without objection, were even more remote than those in the *Indussa* case. For the purpose indicated, the motion to incorporate the record in the *Indussa* case is granted.

Appellant, in *Indussa Corp.* v. *United States, supra,* established that, in the ordinary course of the wholesale trade, various articles of enameled cast-iron cookingware were offered for sale to all purchasers at list prices, less discounts based upon the total weight of all the items purchased. It was held that such articles were related articles; that wholesale quantities could be determined on the basis of the total weight of such related articles; that the usual wholesale quantity in which the merchandise was bought and sold was a quantity of such related articles weighing 500 kilograms or more; that the foreign value of such articles was the respective unit prices, less the discount allowed on sales in quantities of related articles weighing 500 kilograms or more.

The facts established in the instant case are similar. The merchandise consists of various related articles of enameled cast-iron cookingware. According to the pricelists and the affidavit of Octave Rary, it was offered for sale to all purchasers in Belgium, without restriction at list prices, less varying discounts dependent upon the total weight of the articles purchased. The greatest number of sales at and prior to the time of exportation was in quantities of related articles weighing 500 kilograms or more, thus constituting the usual wholesale quantities for the merchandise. *United States* v. *M. Minkus,* 21 C.C.P.A. (Customs) 382, T.D. 46912; *F. S. Whelan & Sons* v. *United States,* 39 C.C.P.A. (Customs) 168, C.A.D. 482. Therefore, the foreign value is to be determined on the basis of the unit list prices, as set forth in schedule "A," hereto attached, less a discount of 40 per centum, plus sales tax of 10 per centum, plus packing, as invoiced.

The facts established in *D. E. Sanford Company* v. *United States, supra,* relied upon by the Government, are different. There, it was shown that the 40 per centum discount was not offered to all purchasers who bought in quantities of 500 kilograms or more, but only to certain classes of purchasers. Therefore, foreign value was found on the basis of the prices at which all wholesalers freely offered the merchandise to all purchasers, namely, list prices, less 20 per centum.

In the instant case, at and prior to the time of exportation, the manufacturer freely offered the merchandise to all purchasers at list prices, less discounts dependent upon quantity purchased, not the status of the purchaser.

On the record presented, I find as facts:

1. That the merchandise involved herein consists of various related articles of enameled cast-iron cookingware, exported from Belgium on or about March 18, 1960.

2. That, at or about the time of exportation, neither such nor similar merchandise was freely offered for sale to all purchasers for exportation to the United States.

3. That, at and prior to the time of exportation, such merchandise was freely offered for sale for home consumption to all purchasers in the principal markets of Belgium at list prices, less varying discounts dependent upon the total weight of the articles purchased.

4. That the unit prices of the articles of merchandise involved herein are set forth in schedule "A," hereto attached.

5. That, at and prior to the time of exportation, the greatest number of sales was in quantities of related articles weighing 500 kilograms or more.

6. That a discount of 40 per centum was allowed on sales in such quantities.

7. That, at or about the time of exportation, sales in Belgium were subject to a transmission tax of 10 per centum of the net invoice.

I conclude as matter of law:

1. That foreign value, as that value is defined in section 402a(c) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis for the determination of the value of the articles involved herein.

2. That such value is represented by the unit prices set forth in schedule "A," hereto attached, less a discount of 40 per centum, plus sales tax of 10 per centum, plus packing, as invoiced.

Judgment will be rendered accordingly.

SCHEDULE "A"

| Manufacturer's item No. | Invoice description | Per se unit value Belgian Frs. |
|---|---|---|
| 3/c | Oval covered oven type U.S.A. with cover | 260 |
| 17/D | Round covered casserole | 170 |
| 23/D | Skillet type U.S.A. (without cover) | 120 |
| 81/A | Skillet cast handle | 66 |
| 81/C | Skillet cast handle | 56 |
| 7/A | Saucepan | 70 |
| 7/A | Cast for saucepan | 35 |
| 2/D | Round covered oven type U.S.A. | 180 |
| 2/F | Round covered oven type U.S.A. | 280 |
| 3/A | Oval covered oven type U.S.A. | 205 |
| 23/BB | Skillet type U.S.A. | 55 |
| 23/B | Skillet type U.S.A. | 100 |
| 23/B | Cast iron cover for skillet | 70 |
| 80/C | Cast iron cover for saucepan | 46 |
| 80/E | Cast iron cover for saucepan | 64 |
| 16/B | Oval covered casserole | 110 |
| 17/B | Round covered casserole | 130 |
| 80/E | Saucepan | 115 |