**BUD BERMAN SPORTSWEAR, INC.,**
Plaintiff,

v.

**UNITED STATES, Defendant.**

**R.D. 11712; Reappraisement R61/23988 and 68 others.**

United States Customs Court.
June 12, 1970.

---

Barnes, Richardson & Colburn, New York City (Norman C. Schwartz, New York City, of counsel), for plaintiff.

William D. Ruckelshaus, Asst. Atty. Gen. (Herbert P. Larsen, New York City, trial attorney), for defendant.

RAO, Chief Judge:

This case involves 69 appeals for reappraisement, consolidated at the trial. The merchandise consists of men's shirts exported, from Hong Kong by Smart Shirts Manufacturers, Ltd., during 1961–62 and 1965–66. Merchandise sold by this maker has been the subject of litigation on two prior occasions. Bud Berman Sportswear, Inc. v. United States, 55 Cust.Ct. 574, R.D. 11056 (1965), aff'd sub nom. United States v. Bud Berman Sportswear, Inc., 57 Cust. Ct. 733, A.R.D. 211 (1966), aff'd 55 CCPA 28, C.A.D. 929 (1967), and Bud Berman Sportswear v. United States, 62

Cust.Ct. 901, R.D. 11657 (1969). The records in these cases have been incorporated herein.

The parties are in agreement that export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis for determining the value of the within merchandise.

Except in appeals R64/388 and R66/27392, the invoices covering the imported shirts give the prices f. o. b. Hong Kong and state that truckage, lighterage and handling charges in certain amounts are included in the invoice prices. The merchandise was entered at the invoiced f. o. b. Hong Kong prices less the charges which were claimed to be nondutiable. The appraisement was at the unit prices f. o. b. Hong Kong.

In reappraisement R64/388, the invoice gives the ex-factory prices and states that the charges for truckage, lighterage and handling are excluded from the invoice amount. Appraisement was made at values higher than the invoice unit values.

In reappraisement R66/27392 the invoice gives both the ex-factory and f. o. b. price. The merchandise was appraised at the f. o. b. price.

Plaintiff claims that all the merchandise was in fact freely sold or offered for sale at ex-factory prices; that the charges are no part of export value; that in view of the testimony presented, the appraisements are constructively separable, and that the correct dutiable values are the appraised unit values less the charges for truckage, lighterage and handling.

 Export value, as defined in section 402(b) of the Tariff Act of 1930, as amended, is the price at which the merchandise is freely sold or, in the absence of sales, offered for sale in the principal markets of the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, plus the cost of packing and charges incidental to making it ready for shipment. Subsequent charges, such as the cost of inland freight, storage, or insurance, are not ordinarily part of export value. United States v. Lyons, 13 Ct.Cust.App. 639, T.D. 41484 (1926). However, where no sales or offers are ever made on an ex-factory basis and the merchandise is available solely at an f. o. b. price, export value includes the additional charges. United States v. Paul A. Straub & Co., Inc., 41 CCPA 209, C.A.D. 553 (1954), cert. den. 348 U.S. 823, 75 S.Ct. 37, 99 L.Ed. 649 (1954); Mottola, etc. v. United States, 46 CCPA 17, C.A.D. 689 (1958).

In the *Straub* case the court stated (41 C.C.P.A. p. 215):

In the case before us it is a fact that the freely offered price to all purchasers for the merchandise was on an f. o. b. Bremen basis. There is no showing that the goods could be purchased at the invoice price less freight. The unit prices for the merchandise in the instant case included the inland freight charges at the time of purchase in Selb-Stadt, and as the appellant states, "Such inland freight is incorporated in and bound up with the cost to the seller of material and labor, and forms an integral part of the unit value and purchase price of each item. It is inseparable therefrom and is a charge in the principal market at or prior to the time of shipment, and does not accrue subsequent to the time of shipment to the United States." [Emphasis omitted.]

 There is evidence in the records incorporated herein that shirts manufactured by Smart Shirts were freely sold or offered for sale at ex-factory prices during the period from 1960 through 1963. This evidence is applicable to the entries in the instant case covering merchandise exported during that period, which entries are involved in the appeals listed in·schedule A, attached hereto. However, the balance of the appeals, listed in schedule B, attached hereto, covers merchandise which

was exported during 1965 and 1966. Evidence in an incorporated record cannot establish the value of merchandise subsequently exported although it may be relevant to show a continuous course of business. Descoware Corp. v. United States, 48 Cust.Ct. 541, Reap.Dec. 10158 (1962) ; Mexican-American Hat Co., by Koeller-Struss Co. et al. v. United States, 9 Cust.Ct. 681, Reap.Dec. 5756 (1942). In the instant case, however, there is nothing to show that the method of doing business in 1960–63 continued through 1965–66. The fact that merchandise was freely sold or offered for sale at ex-factory prices during one period is not evidence that the merchandise was sold or offered in the same fashion during a period two to three years later. Cf. United States v. Heyman Co., Inc., 48 CCPA 13, C.A.D. 755 (1960) ; Kay Pee Import Export Co. v. United States, 56 Cust.Ct. 696, R.D. 11164 (1966).

The official papers in the appeals listed in schedule B indicate that the importer purchased at f. o. b. Hong Kong prices and there is no evidence that during the period of exportation involved the merchandise was sold or offered for sale at ex-factory prices. While the invoice in R66/27392 sets out ex-factory, as well as f. o. b. prices, there is nothing to indicate that the importer purchased on an ex-factory basis. Therefore, as to the appeals listed in schedule B, the appraised values must be sustained.

There is evidence that during the period of exportation covered by the appeals listed in schedule A, the merchandise was freely sold or offered for sale at ex-factory prices. As to those appeals, the question is whether the appraisements are separable so that plaintiff may contest the propriety of the inclusion of the charges in the appraised value, without affirmatively proving the other elements of value.

It is well settled that in a proper case, an appealing party in reappraisement proceedings may challenge any one or more of the items entering into an appraisement while relying upon the presumption of correctness of the appraiser's return as to the other elements. United States v. Dan Brechner et al., 38 Cust.Ct. 719, A.R.D. 71 (1957) ; United States v. Gehrig, Hoban & Co., Inc., 54 CCPA 129, C.A.D. 924 (1967) ; United States v. Chadwick-Miller Importers, Inc., et al., 54 CCPA 93, C.A.D. 914 (1967) ; United States v. Bud Berman Sportswear, Inc., 55 CCPA 28, C.A.D. 929 (1967).

An appraisement is ordinarily separable where it is at the invoiced "first cost" or *per se* price, plus various charges, but not where it is at a unit price, f. o. b., in the absence of proof of what the appraiser did. United States v. Bud Berman Sportswear, Inc., *supra;* United States v. Dan Brechner et al., *supra;* United States v. Supreme Merchandise Company, 48 Cust.Ct. 714, A.R.D. 145 (1962) ; S. S. Kresge Co. et al. v. United States, 45 Cust.Ct. 469, Reap.Dec. 9778 (1960) ; Valley Knitting Co., Inc., et al. v. United States, 44 Cust. Ct. 599, Reap.Dec. 9627 (1960).

There are circumstances, however, where, upon the basis of the evidence presented, constructed separation may be effected. United States v. Bud Berman Sportswear, Inc., *supra;* United States v. Shalom & Co., 57 Cust.Ct. 767, A.R.D. 216 (1966), appeal dismissed 55 CCPA 115 (1968) ; United States v. Gehrig, Hoban & Co., Inc., *supra;* United States v. Knit Wits (Wiley) et al., 62 Cust.Ct. 1008, A.R.D. 251, 296 F.Supp. 949 (1969) ; United States v. Gitkin Co., 46 Cust.Ct. 788, A.R.D. 132 (1961) ; Reliance International Corp. v. United States, 62 Cust.Ct. 845, R.D. 11639, 305 F.Supp. 20 (1969) ; Carolina Mfg. Co. v. United States, 62 Cust.Ct. 850, R.D. 11640 (1969) ; Shalom Baby Wear, Inc. v. United States, 62 Cust.Ct. 856, R.D. 11641 (1969) ; Haddad & Sons, Inc. v. United States, 62 Cust.Ct. 896, R.D. 11656 (1969).

In the *Bud Berman* case, the merchandise was entered at the invoice unit prices, which prices were exclusive of handling and freight charges. It was

appraised at f. o. b. unit prices, which were higher. The examiner testified that the appraised values were calculated by adding the inland charges, as set forth in the invoice, to the ex-factory unit prices shown therein. The court found dutiable value on the basis of the ex-factory prices exclusive of the charges.

In the *Gitkin* case some of the appraisements were at unit values which were stipulated to include buying commission, inland freight and other charges in at least the amounts shown on the invoices. It was held that this constituted a constructive separation of the elements of the appraisement which permitted the importer to limit its proof to the matter of the disputed charges.

In United States v. Shalom & Co., *supra,* the invoice listed the ex-factory price, various charges, and a 5 percent commission. The merchandise was appraised at $9.555 each, net, packed, but the examiner testified that the appraisement included all charges, of which the item shown as a commission was one. In the *Gehrig, Hoban* case, the appraiser subtracted figures for what he considered nondutiable items from the total invoice price, but did not exclude an amount representing a commission or discount. In *Knit Wits* the evidence identified the item in dispute as a commission and the "Notice[s] of Action—Increase in Duties" showed that it was an element in the appraised value. In *Reliance* the examiner testified that he made the advisory recommendation and that he had taken into consideration the invoice unit price, the extended total thereof, the various charges listed and the grand total, and divided the grand total by the invoice quantity to arrive at the appraised value per dozen. In *Haddad* the examiner testified that he noted that the importer had entered the merchandise at the invoiced grand total less the itemized charges and that in making his appraisement, he had added back the charges which the importer had deducted. In these cases, it was held that the disputed charges or commissions which had been included in the appraised value were not properly part of the dutiable value of the merchandise.[1]

In sum where it has been established that the merchandise was freely sold or offered for sale on an ex-factory basis and that the appraisement was made at an amount which included charges accruing subsequently, the appraisement is constructively separable and plaintiff need establish only the amount of the charges included in the appraised value and show that they are not properly a part of such value.

In view of these principles, I turn now to the testimony in the instant case insofar as it concerns the appraisements listed in schedule A.

Plaintiff called as a witness Mr. Aaron Bodner, who had been assistant appraiser of the tenth division (textiles) at the port of New York from 1960 to December 1967. He had previously been an examiner of merchandise for 15 years and had been in the Customs Service for a total of more than 30 years. He testified that he had examined the official papers in these cases and that, with certain exceptions hereinafter noted, the merchandise before the court was appraised under his supervision. He was shown the official papers in R62/1666 and stated that he had signed the summary sheet as assistant appraiser and that Ellie Khouri had signed as appraiser. He said that the presence of his signature coupled with the stamp of the appraiser indicated that the statement of appraisement on the invoice had been accepted as correct and that the examiner's advisory recommendation had become the official appraised value. He stated that the summary showed the total f. o. b. Hong Kong value less charges for truckage, lighterage and handling in the amount of $943.94; that the charges were entered as nondutiable

---

1. In the cases where testimony of the examiner was relied upon, there was evidence or a stipulation that the appraiser had accepted the advisory recommendation of the examiner.

by the importer with the notation on the invoice "N.D." The examiner made a statement of appraisement on the invoice, which read "Appraised at Column X units net packed." The Column X unit, net packed, represented the f. o. b. Hong Kong value. That price included the inland charges in the amount deducted by the importer on the entry. The appraisement became the official appraisement in this case.

Similar testimony was given by Mr. Bodner as to the entries in R62/4213 and R62/7906, which appeals are listed in schedule A. He also testified that his answers would be the same as to all the other entries where he signed the summary sheet as assistant appraiser, that is, that the appraised value included the invoiced inland charges. Mr. Bodner's signature as assistant appraiser appears on the summary sheets in the following additional appeals listed in schedule A: R61/24110; R61/24186; R62/1667; R62/5011; R62/5012; R62/6332, and R64/388.

Although the invoice in R64/388 was made out on an ex-factory basis, Mr. Bodner testified that the appraisement was at values higher than the unit ex-factory prices and that those values included the inland charges.

■ As to these appeals,[2] since there is evidence that the merchandise was freely sold or offered for sale on an ex-factory basis and that the appraised values included subsequently accruing charges for truckage, lighterage and handling in the amounts shown on the invoices, it follows that the dutiable export values of the merchandise are the appraised values less the charges, such charges not being dutiable where merchandise is available at ex-factory or *per se* prices.

In another group of appeals, the summary sheets were signed by H. Menschenfreund as acting assistant appraiser.[3] Mr. Bodner testified that Mr. Menschenfreund was his assistant at that time and was acting on his behalf. He said that Menschenfreund signed summary sheets when he (Bodner) was absent or because of other duties was unable to sign himself. He was aware of what the appraisements were intended to reflect, namely, the f. o. b. Hong Kong values, including the charges as invoiced.

■ Since Mr. Menschenfreund was Mr. Bodner's assistant and was acting under his supervision, Mr. Bodner's testimony is sufficient to establish that the appraised values included the charges as invoiced. United States v. American Express Co., 44 Cust.Ct. 779, A.R.D. 120 (1960); Transcontinental Petroleum Co. v. Interocean Oil Co., 8 Cir., 262 F. 278 (1919). As to these appeals also the dutiable export values are the appraised values less the charges shown on the invoices.

■ In another group of appeals R61/23993, R62/6081, and R62/818, the summary sheets were signed by L. Lister, assistant appraiser. According to Mr. Bodner, Mr. Lister was assistant appraiser in the fifth division, that is, he held a position similar to Mr. Bodner's in another division. Mr. Bodner did not have any supervisory responsibility over him. Since it appears that Mr. Bodner had nothing to do with the appraisements made by Mr. Lister and had no authority over him, his testimony does not establish how Mr. Lister's appraisements were made. While a responsible executive may testify as to operations under his supervision, it must be shown that he was in a position to and

2. R62/1666; R62/1667; R62/4213; R62/7906; R61/24110; R61/24186; R62/5011; R62/5012; R62/6332; R64/388.

3. R61/23988; R61/23989; R61/23990; R61/23991; R61/23992; R61/23994;

R61/23995; R61/23996; R61/23997; R61/23998; R61/23999; R61/24000; R61/24001; R61/24185; R61/24392; R61/24393; R62/2272; R62/2273; R62/2274; R62/2275; R62/2276; R62/2277.

did acquire the information in the regular course of his duties. Alltransport, Incorporated, a/c Sterling Novelty Products v. United States, 60 Cust.Ct. 55, C.D. 3258, 278 F.Supp. 746 (1968).

As to the three appeals where the appraisements were made by Mr. Lister, the appraised values must be sustained.

On the record presented I find as facts:

1. That the merchandise involved in these appeals consists of men's shirts exported from Hong Kong by Smart Shirts Manufacturers, Ltd., during 1961–62 and 1965–66.

2. That the merchandise at bar does not appear on the Final List of the Secretary of the Treasury, 93 Treas.Dec. 14, T.D. 54521.

3. That the merchandise at bar was appraised on the basis of export value, as that value is defined in section 402 (b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956.

4. That except in appeals R64/388 and R66/27392, the invoices give the prices f. o. b. Hong Kong and state that truckage, lighterage and handling charges in certain amounts are included in the invoiced prices.

5. That in appeal R64/388 the invoice gives ex-factory prices and in appeal R66/27392, the invoice gives both ex-factory and f. o. b. prices.

6. That the merchandise was entered at f. o. b. prices less the charges for truckage, lighterage and handling as invoiced.

7. That the merchandise covered by the appeals listed in schedule A, attached hereto, was exported during 1961–1962, and the merchandise covered by the appeals listed in schedule B, attached hereto, was exported during 1965–1966.

8. That the record establishes that shirts manufactured by Smart Shirts Manufacturers, Ltd., were freely sold or offered for sale for exportation to the United States on an ex-factory basis exclusive of handling charges from 1960 through 1963.

9. That the record establishes that the merchandise covered by the appeals listed in schedule A, except R61/23993, R62/6081, and R62/818, was appraised at the f. o. b. Hong Kong prices, including the charges for truckage, lighterage and handling in the amounts shown on the respective invoices, said appraisements being made by or under the supervision of Assistant Appraiser Bodner and approved by the appraiser.

10. That the record does not establish how the appraisements made by Assistant Appraiser Lister in appeals R61/23993, R62/6081, and R62/818 were made.

I conclude as matters of law:

1. That export value as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis for the determination of the value of the merchandise involved herein.

2. That as to the appeals listed in schedule B, attached hereto, and as to appeals R61/23993, R62/6081, and R62/818 listed in schedule A, attached hereto, said values are the appraised values.

3. That as to the appeals in schedule A, except R61/23993, R62/6081, and R62/818, in view of the evidence showing that the merchandise was sold or offered for sale on an ex-factory basis during the period of exportation and that the appraisements were made at f. o. b. Hong Kong prices, which included charges for truckage, lighterage and handling in the amounts shown on the respective invoices, said appraisements are deemed separable.

4. That the export values of the merchandise covered by conclusion of law number 3 are the appraised values less the charges for truckage, lighterage and handling in the amounts shown on the respective invoices.

Judgment will be entered accordingly.

## SCHEDULE A

| Reappraise-ment Number | Entry Number | Date of Exportation |
|---|---|---|
| R61/23988 | 717243 | 6/19/61 |
| R61/23989 | 734114 | 7/6/61 |
| R61/23990 | 751808 | 7/26/61 |
| R61/23991 | 766895 | 8/8/61 |
| R61/23992 | 738487 | 7/10/61 |
| R61/23993 | 700159 | 6/3/61 |
| R61/23994 | 713532 | 6/13/61 |
| R61/23995 | 747092 | 7/16/61 |
| R61/23996 | 767794 | 8/12/61 |
| R61/23997 | 789668 | 8/24/61 |
| R61/23998 | 816201 | 9/15/61 |
| R61/23999 | 809445 | 9/5/61 |
| R61/24000 | 802514 | 9/5/61 |
| R61/24001 | 802515 | 9/5/61 |
| R61/24110 | 840783 | 9/30/61 |
| R61/24185 | 1007678 | 4/10/61 |
| R61/24186 | 850379 | 10/6/61 |
| R61/24392 | 1023411 | 4/27/61 |
| R61/24393 | 1033190 | 5/1/61 |
| R62/818 | 1021159 | 4/21/61 |
| R62/1666 | 880245 | 11/20/61 |
| R62/1667 | 887504 | 12/2/61 |
| R62/2272 | 1056463 | 5/29/61 |
| R62/2273 | 1038099 | 5/9/61 |
| R62/2274 | 1054143 | 5/28/61 |
| R62/2275 | 1046946 | 5/21/61 |
| R62/2276 | 1001355 | 3/30/61 |
| R62/2277 | 1014327 | 4/15/61 |
| R62/4213 | 896864 | 12/4/61 |
| R62/5011 | 922342 | 1/2/62 |
| R62/5012 | 930074 | 1/10/62 |
| R62/6081 | 950904 | 1/26/62 |
| R62/6332 | 948560 | 1/18/62 |
| R62/7906 | 950903 | 1/30/62 |
| R64/388 | 1055347 | 4/30/62 |

## SCHEDULE B

| Reappraise-ment Number | Entry Number | Date of Exportation |
|---|---|---|
| R66/5191 | 837041 | 9/15/65 |
| R66/6976 | 944167 | 12/18/65 |
| R66/10169 | 854983 | 9/29/65 |
| R66/10170 | 999231 | 2/4/66 |
| R66/14266 | 1014260 | 2/16/66 |
| R66/16701 | 1048414 | 2/21/66 |
| R66/16706 | 860970 | 10/7/65 |
| R66/16707 | 881215 | 10/18/65 |
| R66/16708 | 1054041 | 3/16/66 |
| R66/16822 | 894233 | 11/2/65 |
| R66/17067 | 920051 | 11/20/65 |
| R66/17131 | 937816 | 12/11/65 |
| R66/17135 | 1070198 | 4/3/66 |
| R66/18248 | 1076403 | 3/21/66 |
| R66/18249 | 929707 | 12/4/65 |
| R66/18379 | 1071736 | 4/1/66 |
| R66/18380 | 1077686 | 4/7/66 |
| R66/18395 | 981142 | 1/20/66 |
| R66/19026 | 1116725 | 5/10/66 |
| R66/21649 | 1118680 | 4/27/66 |
| R66/21650 | 1118681 | 4/28/66 |
| R66/22199 | 715470 | 6/26/66 |
| R66/23259 | 715471 | 5/28/66 |
| R66/23433 | 720113 | 6/4/66 |
| R66/24413 | 720110 | 6/5/66 |
| R66/24414 | 739374 | 6/19/66 |
| R66/24415 | 754076 | 6/27/66 |
| R66/24416 | 755773 | 7/27/66 |
| R66/27392 | 819339 | 8/25/66 |
| R66/27780 | 755776 | 6/28/66 |
| R66/28315 | 739840 | 6/19/66 |
| R66/28414 | 754077 | 7/7/66 |
| R66/28416 | 795896 | 8/3/66 |
| R66/28419 | 736424 | 6/14/66 |

## SCHEDULE OF REAPPRAISEMENTS

| Reap. No. | Coll. No. | Plaintiff | Entry |
|---|---|---|---|
| R61/23988 | 9972 | Bud Berman Sportswear, Inc. | 717243 |
| R61/23989 | 9973 | | 734114 |
| R61/23990 | 9974 | | 751808 |
| R61/23991 | 9975 | | 766895 |
| R61/23992 | 9976 | | 738487 |
| R61/23993 | 9977 | | 700159 |
| R61/23994 | 9978 | | 713532 |
| R61/23995 | 9979 | | 747092 |
| R61/23996 | 9980 | | 767794 |
| R61/24392 | 10187 | | 1023411 |
| R61/23997 | 9981 | | 789668 |
| R61/23998 | 9982 | | 816201 |
| R61/23999 | 9983 | | 809445 |
| R61/24000 | 9984 | | 802514 |
| R61/24001 | 9985 | | 802515 |
| R61/24110 | 10032 | | 840783 |
| R61/24185 | 10119 | | 1007678 |
| R61/24186 | 10120 | | 850379 |
| R61/24393 | 10188 | | 1033190 |
| R62/818 | 90 | | 1021159 |
| R62/1666 | 331 | | 880245 |
| R62/1667 | 332 | | 887504 |
| R62/2272 | 698 | | 1056463 |
| R62/2273 | 0699 | | 1038099 |
| R62/2274 | 0700 | | 1054143 |
| R62/2275 | 0701 | | 1046946 |
| R62/2276 | 0702 | | 1001355 |
| R62/2277 | 0703 | | 1014327 |
| R62/4213 | 01247 | | 896864 |
| R62/5011 | 01828 | | 922342 |
| R62/5012 | 01829 | | 930074 |
| R62/6081 | 02390 | | $950904\frac{1}{2}$ |
| R62/6332 | 02591 | | 948560 |
| R62/7906 | 03230 | | 950903 |
| R64/388 | 06387 | | 1055347 |
| R66/5191 | 01359 | | 837041 |
| R66/6976 | 02301 | | $944167\frac{1}{2}$ |
| R66/10169 | 4123 | | 854983 |
| R66/10170 | 4124 | | 999231 |
| R66/14266 | 6430 | | $1014260\frac{1}{3}$ |
| R66/16701 | 7464 | | $1048414\frac{1}{2}$ |
| R66/16706 | 7374 | | 860970 |
| R66/16707 | 7375 | | 881215 |
| R66/16708 | 7376 | | $1054041\frac{1}{3}$ |
| R66/16822 | 7323 | | 894233 |
| R66/17067 | 7588 | | 920051 |
| R66/17131 | 7690 | | 937816 |
| R66/17135 | 7695 | | 1070198 |
| R66/18248 | 7874 | | 1076403 |
| R66/18249 | 7875 | | 929707 |

## SCHEDULE OF REAPPRAISEMENTS

| Reap. No. | Coll. No. | Plaintiff | Entry |
|---|---|---|---|
| R66/18379 | 8023 | | $1071736\frac{1}{3}$ |
| R66/18380 | 8024 | | $1077686\frac{1}{2}$ |
| R66/18395 | 8041 | | $981142\frac{1}{2}$ |
| R66/19026 | 8254 | | $1116725\frac{1}{3}$ |
| R66/21649 | 8969 | | 1118680 |
| R66/21650 | 8970 | | 1118681 |
| R66/22199 | 8971 | | 715470 |
| R66/23259 | 9465 | | 715471 |
| R66/23433 | 9574 | | 720113 |
| R66/24413 | 9886 | | $720110\frac{1}{4}$ |
| R66/24414 | 9887 | | 739374 |
| R66/24415 | 9888 | | 754076 |
| R66/24416 | 9889 | | 755773 |
| R66/27392 | 11019 | | 819339 |
| R66/27780 | 11086 | | $755776\frac{1}{2}$ |
| R66/28315 | 11340 | | $739840\frac{1}{2}$ |
| R66/28414 | 11381 | | 754077 |
| R66/28416 | 11383 | | 795896 |
| R66/28419 | 11386 | | 736424 |

Entries retained for appeal time.