(Reap. Dec. 10825)

HADDAD & SONS, INC. v. UNITED STATES

Entry No. 108893, etc.

(Decided September 15, 1964)

*James G. McGoldrick (Jerome M. Lynes* of counsel) for the plaintiff.

*John W. Douglas*, Assistant Attorney General (*Samuel D. Spector*, trial attorney), for the defendant.

FORD, Judge: The appeals for reappraisement listed in schedule "A," annexed hereto and made a part hereof, which have been consolidated for the purpose of trial, raise the question of whether certain inland charges and buying commissions are properly considered to be part of the dutiable value of the merchandise before the court.

The merchandise consists of cotton poplin brassieres which do not appear to be enumerated on the final list of the Secretary of the Treasury, T.D. 54521. Appraisement was made under section 402 (b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956. There is no controversy as to the basis of appraisement, as plaintiff likewise relies upon export value.

All of the merchandise is of Hong Kong origin and was supplied by four manufacturers—Modern Garment Factory, New Moon Garments & Brassieres Factory, Shing Hing Manufacturing Factory, and the Macy Underwear Factory, Ltd.—and shipped to the plaintiff herein by The Tosho Co., Ltd.

The merchandise was appraised at various sums in United States dollars, per dozen units, net packed. Plaintiff herein contends that the appraised value actually represents the invoiced value which is set forth in United States dollars, ex-factory, per dozen pieces, plus all charges.

Counsel for plaintiff has stated on the record and in his brief that in each case the ex-factory invoiced unit price plus charges, when divided by the total of the invoiced quantity, is the mathematical equivalent of the appraised value.

Plaintiff contends that, since it is not contesting the basis of appraisement, export value, and since the mathematical computation indicates that the ex-factory invoiced price, plus charges, is equivalent to the appraised value, the appraisement is separable, and plaintiff is, therefore, entitled to rely upon the presumption of correctness attaching to the other portions of the appraisement not herein contested. *United States* v. *Fritzsche Bros., Inc.*, 35 CCPA 60, C.A.D. 371; *United States* v. *Friedman & Slater, Inc., et al.*, 25 CCPA 112, T.D. 49241; *United States* v. *Dan Brechner et al.*, 38 Cust. Ct. 719, A.R.D. 71.

The two items in question as indicated, *supra*, are the inland charges and the buying commissions which will be dealt with separately herein.

*Bona fide* buying commissions do not constitute part of the value of merchandise for appraisement purposes. *United States* v. *Nelson Bead Co.*, 42 CCPA 175, C.A.D. 590; *United States* v. *Gitkin Co.*, 46 Cust. Ct. 788, A.R.D. 132. Whether a buying commission is *bona fide* depends upon the facts in each case. In the instant case, in addition to the affidavit of the president of The Tosho Co., Ltd., received in evidence as plaintiff's exhibit 1, the testimony of Mr. Haddad was adduced confirming the functions of The Tosho Co., Ltd., and the procedure followed by him on his various trips to Hong Kong for the purpose of buying merchandise. The record satisfactorily establishes that The Tosho Co., Ltd., was in fact a *bona fide* buying agent of the importer herein. It has also been established that the commission amounted to 5 percent of the invoiced price. Accordingly, charges of 5 percent of the invoiced prices representing buying commissions are not properly a part of the dutiable value for appraisement purposes.

Before considering the question of inland charges, it is deemed pertinent at this point to consider the contention of plaintiff that it is entitled to rely upon the presumption of correctness attaching to the appraisement on all portions of said appraisement which are not being contested herein by it under the principles enunciated in the *Fritzsche* and *Brechner* cases, *supra*. While it is true that, where an appraisement is separable and an importer contests only certain portions of the appraisement, the importer may rely upon the presumption of correctness attaching to the appraisement for those items not contested. However, where the appraisement is not separable, the importer cannot utilize the presumption of correctness in this manner. *Valley Knitting Co., Inc., et al.* v. *United States*, 44 Cust. Ct. 599, Reap. Dec. 9627; *United States* v. *Gitkin Co., supra*.

In the instant case, the mere fact that the mathematical computation, as indicated, *supra*, would eventually equal the sum of the invoiced unit price, does not establish separability of appraisement. Since the appraisement is not deemed separable, plaintiff cannot rely upon the presumption of correctness as to those items not contested. It is, therefore, incumbent on the part of plaintiff to establish all necessary elements for a proper appraisement, i.e., freely offered, usual wholesale quantity, ordinary course of trade, etc. The record herein offers no such proof and is, therefore, deemed insufficient.

It also follows that there is no presumption of correctness attaching to any of the charges set forth on the invoices and it is incumbent on plaintiff to establish that said charges are the true charges which were

in fact paid. It is quite conceivable that the same total appraised value may be arrived at by utilizing various different prices or charges. The record being silent in this respect, it is, therefore, deemed insufficient to establish the inland charges. Said charges could be deductible if satisfactory proof was adduced to establish that the merchandise was freely offered at the factory at a price not including the inland charges. This, of course, is based upon the premise that the burden of proof relating to the other portions of appraisement was established.

Accordingly, plaintiff has failed in this instance to overcome the presumption of correctness attaching to the appraised value. Therefore, all charges except the buying commissions are part of the export value of such or similar merchandise.

Based upon the foregoing considerations, I make the following findings of fact:

1. The merchandise covered by the instant consolidated appeals for reappraisement consists of cotton poplin brassieres.

2. That said merchandise was exported from Hong Kong during the years 1959, 1960, and 1961.

3. That said merchandise was entered on the basis of ex-factory prices, less certain charges alleged to be nondutiable items.

4. That the merchandise in issue was appraised at a *per se* unit price, net, packed.

5. That on or about the dates of exportation of the involved merchandise, such or similar merchandise was freely sold or offered for sale in the principal markets of the country of exportation in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States.

6. That The Tosho Co., Ltd., performed services for plaintiff as an agent in buying the imported merchandise and was entitled to a commission equal to 5 percent of the ex-factory invoiced price.

7. That plaintiff has failed to overcome the presumption of correctness attaching to the appraisement with respect to all other charges.

I, therefore, conclude as matters of law:

1. That export value, as such value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis of appraisement.

2. That the buying commission of The Tosho Co., Ltd., of 5 percent of the total invoiced ex-factory price is not properly part of the dutiable value.

3. That the appraised value of the imported merchandise, less the buying commission enumerated in finding No. 6, is the proper dutiable value of the merchandise.

Judgment will be entered accordingly.