(Reap. Dec. 10919)

MANHATTAN NOVELTY Co. *v.* UNITED STATES

Entry No. 1014468.

(Decided March 16, 1965)

*Lane, Young & Fox* (*William Whynman* and *William H. Fox* of counsel) for the plaintiff.

*John W. Douglas*, Assistant Attorney General (*Glenn E. Harris*, trial attorney), for the defendant.

FORD, Judge: The appeal for reappraisement listed above covers a shipment of five-tube radios, exported from Japan and appraised on the basis of export value, as defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 91 Treas. Dec. 295, T.D. 54165. The merchandise was entered at the invoice unit price and was appraised at the *per se* price of $4 per unit. The correct statutory basis of valuation is not in issue, since both parties agree that export value is the proper basis. However, plaintiff limits this appeal to the amount of the buying commission shown on the invoice. It is the contention of the importer that said charge is a *bona fide* buying commission and, as such, nondutiable, under the principles set forth in *Stein* v. *United States*, 1 Ct. Cust. Appls. 36, T.D. 31007; *United States* v. *Case & Co.*, 13 Ct. Cust. Appls. 122, T.D. 40958; *Randbur Co.* v. *United States*, 46 Cust. Ct. 646, Reap. Dec. 9962.

Whether a buying commission is *bona fide* depends upon the facts in each case. *United States* v. *Nelson Bead Co.*, 42 CCPA 175, C.A.D.

590. The evidence herein establishes that an agreement was entered into by and between plaintiff corporation and Nichinan Sangyo Co., Ltd., dated March 3, 1959, wherein the latter company agreed to act as buying agent, for which it was to receive a buying commission of 7 per centum. A copy of this agreement was received in evidence as plaintiff's exhibit 3. In addition thereto, an affidavit of a director of Nichinan Sangyo Co., Ltd., received in evidence as plaintiff's exhibit 2, states, so far as is pertinent herein, that it acted as buying agent for plaintiff and placed orders for merchandise with Japanese manufacturers upon receipt of orders from plaintiff, inspected the merchandise, and arranged the details of shipment. The affidavit also states that Nichinan Sangyo Co., Ltd., acted as buying agent for plaintiff and never as seller of merchandise out of its own stock, and, further, that Nichinan Sangyo Co., Ltd., had no financial interest in the manufacturer. The record also contains an affidavit of the president of the company that manufactures the involved radios, received in evidence as plaintiff's exhibit 1, which states that the company sold the involved merchandise to plaintiff and shipped it to Nichinan Sangyo Co., Ltd., for the account of plaintiff and that his company did not make any payment of any kind in connection with this sale to Nichinan Sangyo Co., Ltd., nor does said company have any financial interest in the manufacturer.

The oral testimony of Mr. Nathan Flomenhaft indicates that he employed Nichinan Sangyo Co., Ltd., to act as buying agent for the plaintiff in the purchase of the imported radios; that, while the agreement provided for a commission of 7 per centum, due to competition, it was verbally modified to 2 per centum to 10 per centum commission, depending upon the agreement, which was subsequently reduced to writing. In the instant case, the commission amounts to 2½ per centum of the first cost.

Based upon the foregoing, it would seem that a *bona fide* buying commission arrangement exists herein since the merchandise was purchased through said buying agent who performed certain functions for which he was entitled to compensation and that none of the benefits of this so-called buying commission inured to the benefit of the manufacturer. Since the agreement provides for a 7 per centum buying commission and, in actuality, a 2½ per centum commission was paid, this discrepancy is required to be justified. The testimony of Mr. Flomenhaft refers to a flexible agreement by oral modification which was subsequently reduced to writing but was not produced. It is apparent from the evidence herein that a *bona fide* arrangement existed between the parties. However, the record is void of any evidence which establishes that the buying commission is included in the *per se* value of the appraisement. Notwithstanding the fact

that a mathematical computation of the invoiced price, plus all charges, equals the appraised value, the court is not in position to allow a deduction of the buying commission from the appraised value, unless and until it has been satisfactorily established that a buying commission was included in the appraised value.

Plaintiff has thus failed to overcome the presumption of correctness attaching to the action of the appraiser.

I, therefore, find as matters of fact:

1. That the merchandise involved herein consists of five-tube radios, exported from Japan.

2. That the instant merchandise was appraised on the basis of export value, as that term is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 91 Treas. Dec. 295, T.D. 54165, at the *per se* unit value of $4 each, packed.

3. That plaintiff has failed to overcome the presumption of correctness attaching to the action of the appraiser.

Accordingly, I conclude as matters of law:

1. That the instant merchandise is properly dutiable on the basis of export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 91 Treas. Dec. 295, T.D. 54165.

2. That such value is the appraised unit value thereof.

Judgment will be entered accordingly.