(A.R.D. 275)

UNITED STATES *v.* LOUIS GOLDEY CO., INC., ET AL.

Entry Nos. 7893, etc.

First Division, Appellate Term

(Decided June 30, 1970)

*William D. Ruckelshaus*, Assistant Attorney General (*Harold L. Grossman*, trial attorney), for the appellant.

*Barnes, Richardson & Colburn* (*Norman C. Schwartz* of counsel) for the appellees.

Before WATSON, MALETZ, and RE, Judges

WATSON, Judge: This case is before the court on an application to review the decision of the trial judge in *Louis Goldey Co., Inc., et al.* v. *United States*, 61 Cust. Ct. 547, R.D. 11598 (1968). The merchandise involved consists of certain marble door saddles and slabs exported from Italy in 1963, 1964 and 1965. The merchandise was entered at the ports of New York, Boston, Philadelphia, Baltimore, Wilmington and Charleston and was appraised on the basis of export value as defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956.

The record in *Louis Goldey Co., Inc.* v. *United States*, 55 Cust. 759, A.R.D. 196 (1965), was incorporated herein.

The parties are in agreement that export value is the proper basis of valuation. Appellees, however, contend that the appraised value improperly includes certain inland charges incurred in shipping the marble from the factory to the port of exportation.

The decision of the trial judge is best discussed in three portions. With regard to 27 of the appeals for reappraisement, the parties stipulated that the appraised value was a separable one and that "in arriving at the appraised F.O.B. values, the appraiser added the amount of 8¢ per square foot to the invoice unit values as representing inland freight and other charges incidental to transporting the merchandise from the factory to the vessel for loading on board the vessel." The trial judge held that the testimony of the importer and the affidavit of the producer established that the instant importations were available for export to the United States at ex-factory prices and that any purchaser desiring to take delivery at that price was free to do so. The decision of the trial judge relies on the so-called "separability" rule. This rule provides that appellees may place in issue certain elements of the

appraised value while leaving others presumptively correct. The portions placed in issue must be separate and identifiable. The trial judge found that with regard to the 27 appeals for reappraisement covered by the aforesaid stipulation, appellees have succeeded in proving that the merchandise was freely offered for sale at a price which did not include 8 cents per square foot for inland freight. This portion of the opinion has not been challenged by appellant.

The trial judge found that the appraised values of the 11 appeals for reappraisement involved in New York entries were, despite their appearance on the invoices as per se unit values, separable in the same manner as those stipulated. The trial judge based his opinion on his evaluation of the testimony of the appraising official and his finding that said official added 8 cents per square foot to the ex-factory unit price indicated on the invoice to represent inland charges.

Finally, the trial judge severed two appeals for reappraisement involving merchandise entered at Charleston and Wilmington from the consolidated cases and restored them to the calendar at New York for all purposes.

We have reviewed the evidence in this case, the decision of the trial judge, the arguments on appeal and the relevant case law. Our decision can best be stated in the three-fold format to which the trial judge's decision lends itself.

First, we are in agreement with the finding of the trial judge, with regard to the merchandise stipulated as having been the subject of a separable appraisement, that said merchandise was freely offered for sale at ex-factory prices which did not include the 8 cents per square foot addition for inland charges. We are of the opinion that the uncontested testimony of appellees' president and the affidavit of the producer support the finding that the instant merchandise was available to all purchasers at an ex-factory price which did not include inland charges. Since the separability rule applies, the presumption of correctness remains attached to the ex-factory prices herein and they were properly held to be the prices at which such merchandise was freely sold or offered for sale in the principal markets of the country of exportation. *United States* v. *Chadwick-Miller Importers, Inc., et al.* 54 CCPA 93, C.A.D. 914 (1967).

The above conclusions were not contested on appeal and were reached regarding appraisements expressed in a manner stipulated to be separable. The separability of the appraisements of the merchandise involved in the New York entries is, however, in dispute. The appraisement on the invoices is given as a per se value, that is to say, it is a single sum not revealing on its face its component elements. The trial judge concluded, based on his evaluation of the testimony of the

appraising official, that said unitary sum was in reality composed of the ex-factory price of the imported merchandise with an addition representing the inland charges.

Appellant attacks this finding on the ground that the unitary appraised value is not subject to the separability rule. It would follow from appellant's claim that mere proof of the availability of the merchandise at ex-factory prices (which sufficed when appellees had the benefit of the presumption of correctness attaching to the unchallenged portion of the appraised value) would be insufficient when a unitary appraised value was applied. Appellant cites in support of its contention the thorough analysis contained in *Sharwell Bros. Shoe Co., Globe Shipping Co., Inc.* v. *United States*, 59 Cust. Ct. 731, R.D. 11386 (1967), aff'd *Id.* v. *Id.* 61 Cust. Ct. 598, A.R.D. 244 (1968). The portion quoted by appellant merits quotation and reads as follows:

> * * * Under that doctrine, it has been held that, where the importer challenges only one item of an appraisement, the presumption of correctness as to the others has not been destroyed and he may rely upon them. *United States* v. *Fritzsche Bros., Inc.*, 35 CCPA 60, C.A.D. 371. The doctrine applies where the appraisement is made at an ex-factory-plus-charges value in which case the charges may be disputed without the necessity of proof that the ex-factory prices comply with the statutory definition of export value. *United States* v. *Supreme Merchandise Co.*, 48 Cust. Ct. 714, A.R.D. 145. It does not apply where the appraisement is made at unit values even though the invoice lists ex-factory prices plus separate charges. *Valley Knitting Co., Inc., et al.* v. *United States*, 44 Cust. Ct. 599, Reap. Dec. 9627; *S.S. Kresge Co., et al.* v. *United States*, 45 Cust. Ct. 469, Reap. Dec. 9778; *Luckytex, Ltd.* v. *United States*, 56 Cust. Ct. 575, Reap. Dec. 11119; *Brentwood Originals et al.* v. *United States*, 58 Cust. Ct. 575, Reap. Dec. 11258.
>
> The mere fact that a mathematical computation can be made from the invoice value-plus-charges, which would equal the appraised value does not establish the separability of the appraisement. *Haddad & Sons, Inc.* v. *United States*, 53 Cust. Ct. 423, Reap. Dec. 10825. An appraisement expressed in an f.o.b. port of exportation price is not normally considered separable. *Henry Picard, Jr.* v. *United States*, 57 Cust. Ct. 689, Reap. Dec. 11242. Where the invoice recited a c.i.f. price, which was stated to include certain enumerated charges among which were marine insurance and ocean freight, and the appraiser found a price equal to a c.i.f. price without showing that it embraced any or all of the charges listed, the appraisement was held not separable. *Luckytex, Ltd.* v. *United States, supra*.

We are in agreement with the commendable explication of case law set forth above but we do not believe that it supports the proposition that a unitary appraised value must always remain inviolate. We note

that the court in the *Sharwell* decision went on to say that "unless the record establishes that the charges or the commission were included in the *per se* appraised values, such charges or commission may not be deducted therefrom." This points to the possibility that a *per se* appraised value may be broken up into separate elements if there is support in the record for such a fragmentation. We are thus brought to the central issue herein, whether there is evidence of record to support the trial judge's finding that the appraised value, despite its unitary form, was composed of two principal elements, the ex-factory unit price and an addition of 8 cents per square foot for inland charges.

We have examined the trial record closely on this point and we conclude that the testimony of the appraising official contains sufficient evidence of the existence of two distinct elements in the appraised value to support the finding of separability by the trial judge.

The witness was pressed by appellees' counsel for a response to the question of whether in making his advisory return he added to the invoice unit prices the amount of 8 cents per square foot representing the inland charges. He replied "yes, but not—". There ensued considerable colloquy between counsel, a qualification of the answer by the witness to the effect that some of the importations were purchased as units and not in square feet, then testimony by the witness to the effect that he simply added 8 cents to each unit to arrive at an f.o.b. appraised value, and ultimately a denial that said 8 cents represented inland charges.

The analysis of such testimony is a delicate matter for which a trial judge is particularly well suited by reason of his proximity to the witness. In a case such as this the views of the trial judge must be given great weight and should not be lightly dismissed on review or appeal. (See generally, Corpus Juris Secundum, Appeals and Error, sec. 1656(9).) We believe there is sufficient material in the testimony of the appraising official to support the view that the per se appraised values were actually composed of two portions the invoice ex-factory unit value and the 8 cents per square foot addition for inland charges.

In view of this conclusion the trial judge properly applied the separability rule to the merchandise involved in the New York entries and correctly reached the same conclusion regarding them as he did regarding the merchandise in the 27 appeals for reappraisement stipulated to be separable.

Appellant has objected to the action of the trial judge in severing two appeals for reappraisement from their original consolidation herein and restoring them to the calendar in New York for all purposes. This was clearly an interlocutory order by the trial judge and

was entirely within his discretion. In the absence of a clear abuse of such discretion and a showing that this works a gross injustice, we will not tamper with the action of the trial judge. It is established that far more drastic actions by trial judges are either entirely outside the scope of review or discretionary. *Cox & Fahner (Steel Union-Sheet Piling, Inc.) et al. v. United States*, 31 CCPA 141, C.A.D. 264 (1944) ; *United States* v. *Humphrey & MacGregor, Inc.*, 44 Cust. Ct. 795, A.R.D. 122 (1960).

In light of our views discussed herein, we make the following findings of fact:

1. The merchandise consists of marble saddles and slabs exported from Italy in 1963, 1964 and 1965.

2. The merchandise was appraised on the basis of export value, as defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956.

3. In all the appraisements herein the appraising official added 8 cents per square foot to the invoiced ex-factory unit price, said 8 cents representing inland charges.

4. That at the time of exportation, all purchasers for export to the United States could have purchased such merchandise at ex-factory prices.

We conclude as matters of law:

1. That export value, as defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis for the determination of the value of the merchandise in these appeals for reappraisement.

2. That the appraised values of the merchandise herein are separable into a portion representing the ex-factory unit price and an 8 cents per square foot addition for inland charges.

3. That, in these appeals for reappraisement, the export value of the merchandise appraised at places other than New York, is the appraised value without the 8 cents per square foot added and, in the New York appraisements, the export value is the appraised value less 8 cents per square foot.

Judgment will issue accordingly.