(R.D. 11744)

CONCORD ELECTRONICS CORP. *v.* UNITED STATES

(Decided June 1, 1971)

*Stein & Shostak* (*S. Richard Shostak* of counsel) for the plaintiff.
*L. Patrick Gray, III*, Assistant Attorney General (*Morris Braverman* and *Steven P. Florsheim*, trial attorneys), for the defendant.

MALETZ, Judge: This appeal for reappraisement involves importations from Japan of tape recorders and parts, and various other electronic components. They were entered at their total f.o.b. values less bank interest charges. In turn, the imports were appraised by the

government at these entered f.o.b. values less the bank interest charges.[1] Basis of the appraisement was export value as defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956.[2]

There is no dispute that export value is the proper basis of appraisement. However, plaintiff claims that the imported merchandise is properly dutiable not at the entered f.o.b. values (less the bank interest charges) but rather at the ex-godown unit values set forth in the invoices, and that the charges described in such invoices as "Our Commission" are *bona fide* buying commissions and hence nondutiable.[3] In support of this claim, plaintiff argues that the appraisements are separable and that in that circumstance, it may challenge the inclusion of the designated commissions as part of dutiable export value, while relying upon the presumption of correctness as to the other elements of value.[4] Defendant contends to the contrary that the appraisements are not subject to fragmentation and that the record is devoid of any evidence which would indicate that the invoiced amounts for commissions were included in the appraisements. Therefore, says defendant, plaintiff's burden was to prove each and every element of the export value basis for the values it claims, which it has assertedly failed to do.

We consider first whether the appraisements here are separable. On this aspect, it is again to be observed that the appraisements in question were made at values which were equal to the entered f.o.b. values.[5] This is indicated by the appraising import specialist's red ink notations on the "Summary of Examination and Appraisement" sheets attached to the official court papers. The "Consumption Entry" sheets attached to the official court papers reveal, in addition, that the merchandise was entered at f.o.b. values. The significant factor in all this is that the record, including the testimony of the import specialist, who was called as a witness by plaintiff, is completely

---

[1] These bank interest charges were listed in the entry papers as, and stipulated by the parties to be, nondutiable.

[2] Section 402(b) as thus amended reads:

(b) Export Value.—For the purposes of this section, the export value of imported merchandise shall be the price, at the time of exportation to the United States of the merchandise undergoing appraisement, at which such or similar merchandise is freely sold or, in the absence of sales, offered for sale in the principal markets of the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, plus, when not included in such price, the cost of all containers and coverings of whatever nature and all other expenses incidental to placing the merchandise in condition, packed ready for shipment to the United States.

[3] In its brief, plaintiff has abandoned a claim asserted at trial that the charges designated in the invoices as "inland charges" are nondutiable.

[4] It is to be noted that in entry 68/283437 the invoices do not state an amount for commission. For that reason, even assuming the appraisements were separable, the appeal covering this entry must manifestly be dismissed.

[5] The term "entered f.o.b. values," as used here and hereafter, is deemed to refer to the entered f.o.b. values less the concededly nondutiable bank interest charges.

devoid of any evidence as to how the appraised values were calculated. For the record shows only that the appraisements in question were expressed in amounts that were equal to the entered f.o.b. values, without any indication as to what elements were included in such amounts. Appraisements, as such, are not separable.

It is of course settled that "[i]f ex-factory prices and other charges are separately stated on the invoices and the appraiser's finding of value is expressed in terms of the invoice unit prices, plus the questioned charges, the appraisement is deemed to be separable. * * * [In such circumstances], a party to a reappraisement proceeding may challenge one or more of the elements entering into an appraisement, while relying upon the presumption of correctness of the appraiser's return as to all other elements, whenever the challenged items do not disturb the effect of the remainder of the appraisement. Such is the case in the instance of an appraisement at ex-factory-plus-charges value, and the charges may be disputed without the necessity of proof that the ex-factory prices comply with the statutory definition of export value." *United States* v. *Supreme Merchandise Company*, 48 Cust. Ct. 714, 716–17, A.R.D. 145 (1962). See also e.g., *United States* v. *Chadwick-Miller Importers, Inc., et al.*, 54 CCPA 93, C.A.D. 914 (1967); *United States* v. *Bud Berman Sportswear, Inc.*, 55 CCPA 28, C.A.D. 929 (1967).

The important point here, however, is that (in the absence of proof of what the appraiser did) separability is not applicable where the appraisement is made at unit f.o.b. values even though the invoices list ex-godown prices plus separate charges. See e.g., *Valley Knitting Co., Inc., et al.* v. *United States*, 44 Cust. Ct. 599, R.D. 9627 (1960); *S. S. Kresge Co. et al.* v. *United States*, 45 Cust. Ct. 469, R.D. 9778 (1960); *Luckytex, Ltd.* v. *United States*, 56 Cust. Ct. 575, R.D. 11119 (1965); *Sharwell Bros. Shoe Co., et al.* v. *United States*, 59 Cust. Ct. 731, 732–33, R.D. 11386 (1967), *aff'd* 61 Cust. Ct. 598, A.R.D. 244 (1968); *Bud Berman Sportswear, Inc.* v. *United States*, 64 Cust. Ct. 752, R.D. 11712, 314 F. Supp. 772 (1970). And the fact that a mathematical totaling of the invoice-value-plus-charges equals the appraised values does not establish the separability of the appraisement. E.g., *Haddad & Sons, Inc.* v. *United States*, 53 Cust. Ct. 423, 425, R.D. 10825 (1964); *Brentwood Originals et al.* v. *United States*, 58 Cust. Ct. 575, 580, R.D. 11258 (1967); *Sharwell Bros. Shoe Co., et al.* v. *United States, supra*, 59 Cust. Ct. at 733.

It is true that an appraisement is constructively separable "where there is evidence to show that the appraiser in fact calculated value by adding charges to the invoice unit price or by subtracting them from the total invoice price." *H. M. Young Associates, Inc.* v. *United States*,

64 Cust. Ct. 642, 646, R.D. 11695 (1970), and cases cited. See also e.g., *Bud Berman Sportswear, Inc.* v. *United States, supra,* 64 Cust. Ct. at 756, 314 F. Supp. at 775–76, and cases cited; *United States* v. *Louis Goldey Co., Inc., et al.,* 64 Cust. Ct. 868, 872, A.R.D. 275 (1970); *United States* v. *Bud Berman Sportswear, Inc.,* 66 Cust. Ct. 628, A.R.D. 287 (slip op. May 3, 1971, p. 9). But there is no such evidence here.

In sum, since plaintiff contends for an export value different from the value found by the government, it assumed the burden of showing all elements of that value in accordance with the statutory prescription. Thus, it was required to establish in accordance with section 402(b) that the imported merchandise was freely offered for sale to all purchasers for exportation to the United States, in the principal markets of the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, at the invoice prices. This burden plaintiff concededly has not met. Hence, it is concluded that the presumptively correct values determined in the government appraisement must remain undisturbed.

The appeal for reappraisement is dismissed. Judgment will be entered accordingly.