**CONCORD ELECTRONICS CORP.,**
**Appellant,**

v.

**UNITED STATES, Appellee.**

**A.R.D. 304; Reappraisement R69/5337.**

United States Customs Court,
Second Division, Appellate Term.
July 12, 1972.

Stein & Shostak, Los Angeles (S. Richard Shostak and James F. O'Hara, Los Angeles, Cal., of counsel), for appellant.

Harlington Wood, Jr., Asst. Atty. Gen. (Steven P. Florsheim, New York City, trial attorney), for appellee.

Before RAO, FORD, and NEWMAN, Judges.

RAO, Judge:

This is an application for review of a decision and judgment of the trial court sustaining the appraised values. Concord Electronics Corp. v. United States, 66 Cust.Ct. 581, R.D. 11744 (1971).

The merchandise, covered by five entries, consists of tape recorders and parts, and other electronic components, imported from Japan during 1968. The invoices list the various articles of merchandise and give unit ex-godown prices, total ex-godown prices, and amounts for commissions,[1] bank interest, and inland shipping charges. After adding the amounts for commissions, interest, and charges, there appears a resulting "TO-

---

1. It appears that the invoices list commissions as to some groups of items and not as to others. There is testimony that no commission was paid on the purchase of parts.

TAL INVOICE VALUE." Entry was made in each instance at the total invoice value less the bank interest charges, which have been stipulated to be nondutiable. The merchandise was appraised as entered.

 There is no dispute that export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis of appraisal. Appellant claims, however, that the commissions are *bona fide* buying commissions, not properly part of dutiable export value; and that the trial court erred in not holding the appraisements separable, thus permitting appellant to challenge the dutiable status of the buying commissions while relying upon the presumption of correctness as to the other elements of value, and in failing to consider the evidence as to the *bona fides* of the buying agency. Appellee contends that the appraisements are not subject to fragmentation; that the record lacks evidence which would indicate that the invoiced amounts for commissions were included in the appraised values, and that it was appellant's burden to prove every element of the statutory export value in order to prevail.

The crux of the case is whether the appraisements herein are separable, thus relieving appellant of the strict burden of proof ordinarily required.

 It is well settled that it is incumbent upon the challenging party in a reappraisement case (1) to overcome the presumption of correctness attaching to the appraised value and (2) to establish by proper evidence the correct dutiable value of the merchandise. Kobe Import Co. v. United States, 43 CCPA 136, C.A.D. 620 (1956); United States v. Acme Steel Company, 51 CCPA 81, C.A.D. 841 (1964); Minkap of California, Inc. v. United States, 55 CCPA 1, C.A.D. 926 (1967).

However, where an appraisement is deemed separable, the importer may challenge any one or more of the items entering into it, while relying on the presumption of correctness as to all other elements of value. United States v. Fritzsche Bros., Inc., 35 CCPA 60, C.A.D. 371 (1947); United States v. Schroeder & Tremayne, Inc. et al., 41 CCPA 243, C.A.D. 558 (1954); United States v. Knit Wits (Wiley) et al., 62 Cust.Ct. 1008, A.R.D. 251, 296 F.Supp. 949 (1969).

 Generally an appraisement is separable where it is at the invoiced "first cost", *per se* price, or ex-factory price, plus various charges, but not where it is at a unitary price, such as an f.o.b. port of exportation price, in the absence of proof of what the appraiser actually did. United States v. Chadwick-Miller Importers, Inc. et al., 54 CCPA 93, C.A.D. 914 (1967); United States v. Bud Berman Sportswear, Inc., 55 CCPA 28, C.A.D. 929 (1967); United States v. Dan Brechner, et al., 38 Cust. Ct. 719, A.R.D. 71 (1957); United States v. Supreme Merchandise Company, 48 Cust.Ct. 714, A.R.D. 145 (1962); S. S. Kresge Co., et al. v. United States, 45 Cust.Ct. 469, Reap.Dec. 9778 (1960); Valley Knitting Co., Inc., et al. v. United States, 44 Cust.Ct. 599, Reap.Dec. 9627 (1960). A constructed separation may be effected where there is evidence, such as testimony of the examiner, to show that the appraiser in fact calculated value by adding charges to or subtracting them from the invoice unit price. United States v. Bud Berman Sportswear, Inc., *supra*; United States v. Gehrig, Hoban & Co., Inc., 54 CCPA 129, C.A.D. 924 (1967); Bud Berman Sportswear, Inc. v. United States, 64 Cust.Ct. 752, R.D. 11712, 314 F.Supp. 772 (1970), and cases cited. A unitary appraised value may be broken up into separate elements when there is support in the record for such fragmentation. Sharwell Bros. Shoe Co., et al. v. United States, 59 Cust.Ct. 731, R.D. 11386 (1967) aff'd 61 Cust.Ct. 598, A.R.D. 244 (1968); United States v. Louis Goldey Co., Inc., et al., 64 Cust.Ct. 868, A.R.D. 275 (1970), appeal dismissed, 58 CCPA 165 (1971).

On the other hand, in Haddad & Sons, Inc. v. United States, 54 Cust.Ct. 600, Reap.Dec. 10942 (1965), aff'd, 56 Cust. Ct. 792, A.R.D. 205 (1966), it was pointed out (p. 603):

> \* \* \* Where, however, the appraised value is expressed as a single indivisible unit, as in the instant case, it is not susceptible of being broken down into its component parts, except by proof sufficient to sustain the burden imposed by statute upon a party who challenges the presumptively correct return of the appraiser of establishing every material element in the basis of value upon which reliance is placed. Meadows Wye & Co. (Inc.) v. United States, 17 CCPA 36, T.D. 43324; United States v. T. D. Downing Co., 20 CCPA 251, T.D. 46057; Brooks Paper Company v. United States, 40 CCPA 38, C.A.D. 495; Kobe Import Co. v. United States, 42 CCPA 194, C.A.D. 593; Valley Knitting Co., Inc., et al. v. United States, *supra*.

Appellant claims that the appraisements here are separable on the ground that since the "appraised value" of imported merchandise is its unit value rather than the total value of the importation,[2] the appraising officer must be presumed to have performed his duty properly and to have appraised the merchandise at the unit values, which unit values are alleged to be the only unit values expressed on the papers, that is, the ex-godown prices on the invoices, plus all the charges except the bank interest charge.

The difficulty with that position is that there is no evidence to show what the appraising officer did except that he placed a red check mark in the column headed "Appraised" on the Summary Sheet, thus indicating that the appraised value agreed with the entered value.

The import specialist was called to the stand but did not testify as to how he arrived at the recommended appraised value. He recalled instances where he asked for bonds from Concord Electronics to substantiate that the estimated bank interest charges and inland shipping charges were correct; that subsequently documents were furnished which satisfied him as to the accuracy of the charges within a dollar or two, and that he did not thereafter require bonds. He said he did not see any invoices which set out unit prices other than the ex-godown unit prices.

■ An appraising officer, however, is not limited to the information supplied by the invoices or other documents, but may use "all reasonable ways and means in his power" to ascertain value. 19 U.S.C. § 1500. As pointed out in United States v. Frank & Lambert, 2 Ct.Cust.Appls. 239, 243, T.D. 31973 (1911):

> \* \* \* The methods of actually making the appraisement, the means to be used by the appraiser in ascertaining, estimating, and arriving at actual market values, must be employed antecedent to the report. They are the predicates for the report. An appraiser may have samples before him; he may have the report of the deputy appraiser; he may himself have extensive knowledge of the merchandise under consideration; and he may apply all or any of these qualifications in the processes of thought by which he forms his conclusion. Yet none are matters which need be written down, and indeed they could not well be recorded, when we consider the imperative need for that expedition which must prevail in customhouse administration. The appraiser is merely called upon to write the ultimate facts found, namely, the actual

2. Igstaedter & Co. v. United States, 11 Ct. Cust.Appls. 477, T.D. 39570 (1923); United States v. Kuttroff, Pickhardt & Co. (Inc.), 9 Ct.Cust.Appls. 239, T.D. 38204 (1919); Whittaker, Clark & Daniels, Inc. v. United States, 34 CCPA 164, C.A.D. 360 (1947).

market values of the merchandise imported. It would seem to follow as a consequence of these views that, in the absence of an express requirement that the appraiser shall write out such preliminary findings or facts or reasons for his ultimate facts, when he has written down the values he has completed his appraisement, and at once the law surrounds his act by the presumption that every essential antecedent step has been taken.

Since there is no claim that the appraisements here were erroneous because made at total values rather than at unit values, it must be assumed that the appraisements were made at unit values which when totaled equalled the entered values. Expediency may require appraising officers to adopt as forms of appraisement the totals of invoices and entries which action is in effect an exercise of their legal function of appraising at the unit values. United States v. Kuttroff, Pickhardt & Co. (Inc.), *supra*. It is presumed that customs officers properly perform their duties. United States v. C. O. Mason, Inc., etc., 51 CCPA 107, C.A.D. 844 (1964); A. Zerkowitz & Co., Inc. v. United States, 62 Cust.Ct. 986, A.R.D. 250, 297 F.Supp. 350 (1969), remanded 58 CCPA 60, C. A.D. 1005, 435 F.2d 576 (1970). Moreover, if the appraisements were deemed erroneous for failure to appraise at unit values, there would be no presumption of correctness, but the burden would rest upon appellant of establishing all the elements of value of the merchandise. Alka Bottle Capping Machine Co. v. United States, 12 Cust.Ct. 401, Reap. Dec. 5990 (1944); United States v. Manahan Chemical Co., Inc., 24 CCPA 53, T.D. 48333 (1936); A. N. Deringer, Inc. et al. v. United States, 53 CCPA 135, C.A.D. 890 (1966).

It must be presumed, therefore, that the appraising officer here properly ascertained the unit values of the merchandise. It does not follow, however, as contended by appellant, that those values consist of the ex-godown prices shown on the invoices plus proportionate amounts of the commissions and inland freight charges (the latter not being in issue.) The fact that a mathematical computation can be made from the invoice value-plus-charges, which would equal the total appraised value does not establish that the appraisement was made in that fashion. Reliance International Corp. v. United States, 62 Cust.Ct. 845, R.D. 11639, 305 F.Supp. 20 (1969), and cases cited.

In S. S. Kresge Co., et al. v. United States, *supra*, the court stated (p. 474):

Unlike the *Brechner* case, the appraisement at bar does not show a first cost or *per se* price to which the inland charges and commission are added. It is a single unit price, f. o. b. net, packed, which, to be sure, by its very statement encompasses such charges, but whether as invoiced, or in some other amount, the return does not reveal. That a mathematical computation might tend to indicate that the appraiser divided the number of square feet of rugs imported into the specified charges and increased the invoice unit values to that extent, does not necessarily suggest that he so acted. It may be coincidence that such results ensue, for it is equally possible that he found the charges excessive and the *per se* values inadequate, and made his computation accordingly. In view of the way the appraised value was expressed, the court may not, without proof, inquire into the methods by which it was ascertained. To challenge the item of the charges under such circumstances, is to bring into question the remainder of the appraisement and to destroy the foundation upon which it is based.

In Sharwell Bros. Shoe Co., et al. v. United States, *supra*, the court also held that the commissions could not be deducted from the appraised value, stating (p. 733):

In the instant case, the appraiser had before him an invoice which recited c. i. f. prices and listed charges in-

cluded in an f. o. b. price and also listed other charges, including a "seller's commission." The appraiser appraised at the unit invoice c. i. f. prices, less two of the listed charges —ocean freight and insurance premium. There is nothing to show whether the value adopted by the appraiser included any of the other charges or the commission. Unless the record establishes that the charges or the commission were included in the *per se* appraised values, such charges or commission may not be deducted therefrom. Manhattan Novelty Corp. v. United States, 54 Cust.Ct. 545, Reap. Dec. 10910 (rehearing granted, Ibid. 636, Reap.Dec. 10965); Manhattan Novelty Corp. v. United States, 54 Cust.Ct. 561, Reap.Dec. 10919 (rehearing granted, Ibid. 636, Reap.Dec. 10966).

See also Luckytex, Ltd. v. United States, 56 Cust.Ct. 575, Reap.Dec. 11119 (1965), and Brentwood Originals et al. v. United States, 58 Cust.Ct. 575, R.D. 11258 (1967). In the case last cited, the court said (p. 583):

> In view of the state of the instant record, it is clear, notwithstanding that the invoiced 6 percent commission, as such, may be *bona fide,* that there is no substantial evidence that the appraised value for each item includes a proportionate amount of inland charges or commissions, or that the appraiser so included those items in his 19 separate appraised values. Hence, the appraisements are *not* separable and the importer was under the necessity to establish not only the correctness of the said commission, but the accuracy of the other invoiced charges, and the actual sale price or freely offered for sale price to all purchasers for each of the 19 involved separate items. Since actual sales were only shown of record to the importer, proof that the unit invoiced price of each item fairly reflected the market value of the merchandise was required, but was not offered. It

must follow that plaintiff has failed to make out a *prima facie* case.

 Likewise, in the instant case, the evidence does not establish that the appraised value included the commissions. Therefore, even if the commissions are *bona fide* buying commissions, they may not be deducted from the appraised values in order to establish different dutiable values, in the absence of evidence of all the elements of export value required by section 402(b) of the Tariff Act of 1930, as amended.

On the record presented, we find as facts:

1. The merchandise involved in this case consists of tape recorders and parts, and other electronic components, imported from Japan and entered at the port of Los Angeles in May and June of 1968.

2. The merchandise is not included on the Final List, promulgated by the Secretary of the Treasury, pursuant to the Customs Simplification Act of 1956, 93 Treas.Dec. 14, T.D. 54521.

3. The invoices accompanying the entries list the various articles of merchandise, and give unit ex-godown prices, total ex-godown prices, and amounts for commissions, bank interest, and inland shipping charges. After adding the amounts for commissions, interest and charges, there appears a resulting total invoice value.

4. The merchandise was entered at the total invoice values appearing on the invoices, less bank interest charges, which have been stipulated to be nondutiable.

5. The merchandise was appraised on the basis of export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, at unit values, the totals of which equal the entered values.

6. The record is devoid of any evidence which would indicate that the appraised values include the invoiced amounts for commissions.

7. The record is insufficient to establish all of the elements of the claimed export value, as required by section 402(b), *supra*.

We conclude as matters of law:

1. The appraisements herein are not separable.

2. The statutory presumption of correctness attaching to the appraised values has not been overcome.

3. Export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis for the determination of the value of the merchandise involved herein.

4. Said value is represented by the appraised values.

The decision and judgment of the trial court is affirmed. Judgment will be entered accordingly.