Bowl-O-Beauty Co. *v.* United States

120

Court Nos. R70/8993, etc.

(Decided November 4, 1975)

*Schwartz & Lidstrom* (*Thomas J. O'Donnell* of counsel) for the plaintiff.
*Rex E. Lee*, Assistant Attorney General (*John A. Gussow*, trial attorney), for the defendant.

LANDIS, Judge: In these appeals for reappraisement, consolidated for trial, plaintiff contends that the appraised export values [1] of merchandise exported from Hong Kong and appraised at Chicago, provenly include a non-dutiable buying commission.[2] Plaintiff, in argument, relies on the separable appraisement doctrine to narrow the issue to the question of buying commission.[3] If the appraisements in these consolidated cases are not separable, and as a result there is insufficient proof for the court to find that the appraised export values include a specified amount as a commission considered dutiable, then the question of buying commission is not viably framed in terms that the appraised export values can be analyzed and issue limited to that question.[4] *Concord Electronics Corp.* v. *United States*, 69 Cust. Ct. 241, A.R.D. 304, 345 F. Supp. 1000 (1972), *appeal dismissed*, 60 CCPA 185 (1972). Upon consideration of *Concord* and the cases therein cited and discussed, I conclude that plaintiff has failed to establish that the appraisements include a commission of a specified

---

[1] 19 USCA § 1401a.
[2] A buying commission is not part of the price at which merchandise is freely sold or offered for sale to all purchasers on statutory export value basis, *United States* v. *Nelson Bead Co.*, 42 CCPA 175, C.A.D. 590 (1955).
[3] *Cf. United States* v. *Chadwick-Miller Importers, Inc., et al.*, 54 CCPA 93, C.A.D. 914 (1967).
[4] *Cf. United States* v. *Bud Berman Sportswear, Inc.*, 55 CCPA 28, C.A.D. 929 (1967).

amount that is separable from the price at which the merchandise was appraised on export value basis and accordingly must hold plaintiff has failed to overcome the presumption of correctness favoring the appraisements.

The official papers represent the only material evidence of the appraised export values. Mr. John T. Walsh, a supervisory import specialist at the times the merchandise was appraised at Chicago in 1969–1970, testified pursuant to plaintiff's subpoena.

Plaintiff, as the official papers show, entered the merchandise at the commercially invoiced total f.o.b. Hong Kong prices. The commercial invoices separately list, in United States currency, unit prices, total unit prices ex-factory, and specified amounts for items designated "agent buying commission," "inland freight," "hauling and lighterage." The prices ex-factory plus the specified item amounts for commission, freight and haulage, in sum, add up to the total price designated "F.O.B. Hong Kong."

There is no question that the merchandise in these reappraisement entries was appraised at the entered values as indicated by the examining officer's red check mark in the appropriate valuation column of the official document for use of customs officials entitled "Summary of Examination and Appraisement." On all but one of the summary reports there also appears a red stamped notation. On some of the reports the notation reads "No Change," and on others the notation reads "Appraised Liq[uidated] as Ent'd." The examining officer made no relevant red ink notations on the commercial invoices to indicate concurrence with the contents thereof.

Plaintiff, in factual argument, concedes that on the face of the official papers the appraised export values are not separable because "the appraisements were not indicated on the invoices in terms of a first cost plus the addition of charges." Plaintiff's clearly stated position here is that "the testimony of Supervisory Import Specialist Walsh indicates that the appraisements were arrived at by adopting the invoice values."

Mr. Walsh testified that the appraised export values in dispute were advisorily reported by Customs Import Specialist W. Stolpe. He stated that at the time of these appraisements Mr. Stolpe was one member of the several customs teams of import specialists under his supervision. Mr. Walsh was not asked and he did not testify that he reviewed Mr. Stolpe's appraised export values in these specific reappraisement cases. What he significantly said was that he could not testify to what was done by Mr. Stolpe in making the appraisements. It is, he stated, manifest from Mr. Stolpe's appraisal summary report (Mr. Walsh was asked by counsel to examine entry No. 108460 in reappraisement No. R70/8994 relevant to the appraised values) that

he, Mr. Stolpe, accepted the entered values. Mr. Walsh said it is also manifest from the official papers that the entered values are identical to the aggregate total of the commercial invoices. But the official papers do not, as Mr. Walsh testified they do not, manifest that the invoices were the sole basis upon which Mr. Stolpe determined the appraised export values.

Beyond what was manifest from the official papers, Mr. Walsh would go no further than to agree with plaintiff's counsel that it would "appear" that the invoiced buying commission was included in the appraised export values, and that the "probabilities" were that the invoices were relied on.

The difficulty with this testimony is that it is speculative[5] in that Mr. Walsh was unable to testify as to just what Mr. Stolpe did and what he relied on in making his appraisements. The fact that the appraised export values mathematically equal the invoiced f.o.b. Hong Kong totals is not, in the absence of any invoice notations by Mr. Stolpe, evidence that he or his superiors accepted the stated invoice unit ex-factory prices and charges in determining the statutory export prices of the merchandise. *Concord Electronics Corp.* v. *United States, supra; Haddad & Sons, Inc.* v. *United States,* 53 Cust. Ct. 423, R.D. 10825 (1964); *see also J. Westheimer & Co.* v. *United States,* 69 Cust. Ct. 230, R.D. 11774 (1972).

Plaintiff literally agrees with the above assessment. Off that agreement, however, plaintiff submits that "the fact that the appraised values herein are the mathematical equivalent of the invoiced prices plus charges, in combination with the corroborative testimony of Mr. Walsh, is support for the * * * [court to find] that the appraisements are constructively separable." Corroborative evidence is that which tends to strengthen and confirm other evidence. Since plaintiff agrees that the appraised export values are not, on the face of the official papers, separable, there is no evidence that Mr. Walsh can confirm. In each of the cases[6] cited by plaintiff as precedents for finding these appraisements separable, the advisory appraising official who made the appraisement testified to what he did in making the appraisement. Mr. Walsh clearly stated that he could not testify to what Mr. Stolpe did or what information Mr. Stolpe relied on in reporting his appraisements.

[5] *Cf. United States* v. *Tide Water Oil Co.,* 19 CCPA 392, 399, T.D. 45554 (1932); *see also United States* v. *F. B. Vandegrift & Co. et al.,* 26 CCPA 360, 365, C.A.D. 42 (1939).

[6] *Bud Berman Sportswear, Inc.* v. *United States,* 55 Cust. Ct. 574, R.D. 11056 (1965), *aff'd,* 57 Cust. Ct. 733, A.R.D. 211 (1966), *aff'd,* 55 CCPA 28, C.A.D. 929 (1967); *Louis Goldey Co., Inc., et al.* v. *United States,* 61 Cust. Ct. 547, R.D. 11598 (1968), *aff'd,* 64 Cust. Ct. 868, A.R.D. 275 (1970), *appeal dismissed,* 58 CCPA 165 (1971); *Caroline Mfg. Co.* v. *United States,* 62 Cust. Ct. 850, R.D. 11640 (1969); *Haddad & Sons, Inc.* v. *United States,* 62 Cust. Ct. 896, R.D. 11656 (1969), and *United States* v. *Shalom & Co.,* 57 Cust. Ct. 767, A.R.D. 216 (1966), *appeal dismissed,* 55 CCPA 115 (1968).

I find the evidence insufficient to establish that the appraised export values include the amounts specified on the invoices as "buying commission." I conclude, as a matter of law, that the appraised export values are not separable and that the statutory export values of the merchandise in these reappraisements are the presumptively correct appraised values. These appeals for reappraisement are, accordingly, dismissed. Judgment will so enter.