(C.D. 4632)

CONCORD ELECTRONICS CORP. *v.* UNITED STATES

Court No. 72-7-01546

(Decided February 4, 1976)

*Serko & Simon* (*Joel K. Simon* of counsel) for the plaintiff.
*Rex E. Lee*, Assistant Attorney General (*Max F. Schutzman*, trial attorney), for the defendant.

FORD, Judge:   This matter is before the court by virtue of a motion for summary judgment made by defendant pursuant to the provisions

---

of rule 8.2 of the rules of this court, wherein the defendant seeks dismissal of the action. In support thereof defendant contends there is no genuine issue of fact inasmuch as a prior judgment of this court, *Concord Electronics Corp.* v. *United States*, 69 Cust. Ct. 241, A.R.D. 304, 345 F. Supp. 1000 (1972), *appeal dismissed*, 60 CCPA 185 (1972), involving the same merchandise and same plaintiff is a bar to the action on the ground of collateral estoppel.

Plaintiff in addition to devoting much of its memorandum in opposition to the applicability of collateral estoppel states as follows:

It should be noted that we believe there now is available to plaintiff evidence which should be sufficient to overcome this presumption of correctness. This evidence was not available to plaintiff at the time of the original *Concord, supra,* case. This intervening change in the facts available to plaintiff in the pursuit of this matter makes litigation of this action necessary. * * * [Plaintiff's memorandum, page 3.]

Whether or not collateral estoppel is applicable in this case need not be considered in view of the language of rule 8.2(f) of the rules of this court which reads as follows:

(f) Form of Affidavits; Further Testimony: Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith, except that all papers and documents which are part of the official record of the action may be referred to in an affidavit without attaching copies, and shall be considered by the court without additional certification. The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, will be entered against him.

From the foregoing, it is apparent plaintiff has failed to comply with the requirements of the above rule in that there were no specific facts set forth showing a genuine issue for trial. Plaintiff's attorneys allege they "believe" there is now available evidence not available at the time of the original trial which "should" be sufficient to overcome the presumption of correctness. What type of evidence or what it relates to is not disclosed. Whether the parties will proceed on the separability theory in view of the decision in the prior *Concord* case, *supra,* or establish value in accordance with the statutory provisions

is likewise not revealed. The court is of the opinion that rule 8.2(f) requires more than a vague and ambiguous statement relating to new evidence.

In addition it is to be noted that issue was joined on September 30, 1974. Accordingly, more than one year having elapsed since joinder under rule 8.3(b)(2)[1] or rule 8.3(b)(4),[2] the court *sua sponte* may dismiss the action for failure to prosecute. *Englishtown Corp.* v. *United States*, 73 Cust. Ct. 240, C.R.D. 74–12 (1974).

Accordingly, defendant's motion for summary judgment to dismiss the matter is granted. Judgment will be entered accordingly.

(C.D. 4633)

---

[1] "(2) An action in which issue has been joined, but no further proceedings have been instituted for a period of 1 year, may be dismissed by the court on its own motion for lack of prosecution unless good cause is shown for such delay."

[2] "(4) Whenever it shall appear that an action is not being prosecuted with due diligence, the court may, either upon its own motion or upon motion of the defendant, order the action dismissed for lack of prosecution."