(C.R.D. 79–13)

CONCORD ELECTRONICS CORP., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 74-6-01614

(Dated September 27, 1979)

*Serko & Simon* (*Margaret H. Sachter* on the briefs) for the plaintiff.
*Alice Daniel*, Acting Assistant Attorney General; *Joseph I. Liebman*, Attorney in Charge, Field Office for Customs Litigation (*Jerry P. Wiskin* on the briefs), for the defendant.

RICHARDSON, Judge: In this action involving the dutiable value of tape recorders and parts and other electronic equipment exported from Japan, plaintiff has moved for partial summary judgment pursuant to rule 8.2 of the Customs Court rules, and defendant has cross-moved for summary judgment under the rule.

In support of the motion, plaintiff contends that defendant has admitted that as to each of the involved entries the commission indicated on the entry documents was included as one of the elements of value in determining the appraised value of that entry. On this basis, plaintiff seeks a ruling from the court that the commissions are *separable*, and that plaintiff may challenge the dutiability of the com-

162

missions (plaintiff abandons its claim as to nondutiability of inland charges) while relying upon the presumption of correctness as to the other elements of the appraisement (separability doctrine).

In support of the cross-motion, defendant contends (for the second time in this action) that the issue raised in *Concord Electronics Corp.* v. *United States*, 69 Cust. Ct. 241, A.R.D. 304, 345 F. Supp. 1000 (1972), *appeal dismissed*, 60 CCPA 185 (1972), is identical to that in this action, namely, whether the proper export value is equal to the total ex-godown invoice value (total invoice value less amounts represented on the invoices as being for buying commission and inland charges), as claimed by plaintiff, or whether it is represented by the appraised value, which is equivalent to the entered value. On this basis, defendant seeks a judgment of dismissal under the doctrine of collateral estoppel upon the authority of *Nichols & Company, Inc.* v. *United States*, 66 CCPA 28, C.A.D. 1217, 586 F. 2d 826 (1978).

On the papers before the court, the court is of the opinion that both motions should be denied, and so rules.

Plaintiff has mistaken its remedy. The *sine qua non* for relief under rule 8.2 is the resolution of all or some part of the litigated claim. Plaintiff does not seek the resolution of any part of its claim, only a reduction of its burden of proof under the judicial doctrine of *separability*. Such is not the mission of summary judgment under rule 8.2.

Although *Nichols* extends the doctrine of collateral estoppel to reappraisement cases where decision in the prior action turned upon a failure of proof, the holding only applies in cases where "the controlling facts and applicable legal rules remain unchanged." The moving and cross-moving papers disclose the existence of a 2-year hiatus between the importations in the prior case and those at bar with a resulting difference in the dollar value of the merchandise in both cases that generates a dispute relative to the nature and extent of a commission, if any. Under these circumstances, the court cannot say that the *controlling facts* in Concord I are the same as those in Concord II. Consequently, and hopefully, for the last time, the court concludes that issue exists in the case which should be resolved at a trial.