(C.R.D. 74–12)

ENGLISHTOWN CORP. v. UNITED STATES

Court No. 67/83741

(Dated November 6, 1974)

*Allerton deC. Tompkins* for the plaintiff.

*Carla A. Hills,* Assistant Attorney General (*Robert Masters,* trial attorney), for the defendant.

FORD, Judge: This case was dismissed *sua sponte* on September 23, 1974, pursuant to the provisions of rule 8.3(b)(2) which provides as follows:

(b) Involuntary Dismissal:

\*　　\*　　\*　　\*　　\*　　\*　　\*

(2) An action in which issue has been joined, but no further proceedings have been instituted for a period of 1 year, may be dismissed by the court on its own motion for lack of prosecution unless good cause is shown for such delay.

Counsel for plaintiff moved to set aside the dismissal on October 10, 1974, and defendant filed its statement of no objection on October 25, 1974. Plaintiff states and defendant admits a sample of the involved merchandise was submitted to customs for consideration of a proposed stipulation, or that in the alternative by amendment to the pleadings, plaintiff could submit a motion for judgment on the pleadings. Counsel for plaintiff contends the matter was dismissed without request by the court for a status report nor did the court inquire if there was good cause for the delay.

Plaintiff further contends there is no requirement contained in rule 8.3(b)(2) to call to the court's attention any written or oral negotiations by the parties. It is also contended by plaintiff that to submit periodic reports to the court in every complaint is unreasonable.

In order to clarify the status of this matter in general and the position of this member of the court, a review of the procedure followed prior to dismissal under rule 8.3(b)(2) is deemed pertinent. A check of the clerk's docket sheet is made to determine whether any

action has been taken since joinder. The official papers are then requested to determine whether the case may be out on stipulation.

While counsel finds no requirement for plaintiff to submit information to the court of negotiations or further action after joinder, it is the position of this member of the court that rule 8.3(b)(2) not only speaks for itself but that the rule is reasonable. Plaintiff's counsel has knowledge of the facts and knows, or should know, of the time limit provided for in the rules. A brief notice to the court of the status of the case prior to the expiration of the time limit would not unduly burden plaintiff's attorney.

Until the enactment of the recent legislation affecting the practice of this court, and the concurrent court rules, calendars were regularly called. By that method, the court could and did control the activity of the cases. Under the present practice, there are no calendars. Other means are therefore required for the court to ascertain the status of cases in order to retain control of them. It is the responsibility of counsel to handle cases in accordance with the rules.

Rule 8.3(b)(2) was placed in the rules in order that the court might clear its files of overage cases after ample opportunity has been given counsel to prepare a case for trial or other disposition. Under rule 4.4(a), a complaint is filed when plaintiff desires to try or otherwise prosecute an action. A full year is allowed after issue is joined. During that period, counsel is presumably preparing for trial or other disposition of the case. He is not required to answer calendar calls in the interim, as in our former practice. Counsel knows, or should know, that his case is subject to dismissal at the end of a year after joinder of issue. He can avoid such dismissal by informing the court of the status of the case, indicating when there is good cause for delay. Otherwise, the court is justified in assuming counsel does not intend to prosecute the case. That the latter is true has appeared from my experience with dismissals under rule 8.3(b)(2). In the vast majority of cases, no objection has been raised or motion for rehearing filed.

In the instant case, plaintiff has had more than a year after joinder in which to prosecute its action. A review of the papers indicates the entry was made on July 28, 1966, was liquidated on May 31, 1967, and a protest filed on July 21, 1967. For plaintiff's counsel to complain that "the court did not request a status report on said action" where the record indicates the protest was filed in 1967, is to make a mockery of the doctrine of reasonableness. It is suggested that the answer to counsel's complaints lies in a more vigorous prosecution of his cases.

Many of the dismissals under rule 8.3(b)(2) could be prevented if counsel would utilize the tool granted by rule 14.7(a) under which a

test case is designated and the balance of the cases suspended. Full utilization of this rule is far from a fact. The rules have been adopted in order to facilitate disposition of cases and where necessary encourage counsel for both the importer and the Department of Justice to take action.

However since there is no objection, plaintiff's motion will be granted upon the terms and conditions set forth in the order.