(C.D. 4684)

RENE D. LYON CO., INC., v. UNITED STATES

Court Nos. 66/16734, etc.

Port of New York

(Dated December 28, 1976)

*Serko & Simon* (*Joel K. Simon* of counsel) for the plaintiff.
*Rex E. Lee*, Assistant Attorney General (*Mark K. Neville, Jr.*, trial attorney), for the defendant.

## Memorandum Opinion and Order

WATSON, Judge: Defendant has moved to dismiss these cases for lack of prosecution, pointing to the lack of activity since joinder of issue, which generally took place in March, September and October of 1973. Defendant's motion to amend the schedule of cases to include 70/60442 is granted.

In opposition plaintiff points to its filing of notices of consent to substitution of attorney in January and February of 1976 and to its submission of proposed stipulations to defendant (which followed the making of this motion but which plaintiff asserts was contemplated from the time of filing the notices of substitution). In addition plaintiff attributes its delay to the overflow of cases from the famous October 1970 reserve file and to a period of limited operations due to the dissolution of the partnership of Serko & Sklaroff. Plaintiff also filed a cross-motion for summary judgment.

I consider the period in which these cases were permitted to remain inactive to be beyond that which can be tolerated and a definite sign the actions were not being prosecuted with due diligence within the meaning of rule 8.3(b)(4) of the rules of this court. *Englishtown Corp.* v. *United States*, 73 Cust. Ct. 240, C.R.D. 74–12 (1974). *Cf. Novelty Import Co.* v. *United States*, 72 Cust. Ct. 186, C.D. 4539 (1974).

Although the ultimate filing of the consents to substitution of attorney was a necessary prelude to further prosecution of the case, it was not in itself a particularly redeeming or affirmative act after the two to almost three year periods of inactivity in these cases. This is so whether or not the government's motion was prompted by the filing of the consents to substitution, whether or not the substitutions were indeed the first phase of a unitary plan to prepare and offer stipulations and whether or not plaintiff had a strong case on the merits.

The activity simply came too late to be the exercise of due diligence, a conclusion which is reinforced by the fact the notices of substitution filed in early 1976 were authorized back in October of 1974.

The existence of an excess of work from the October 1970 reserve file and the limitations of activity flowing from the dissolution of a law firm have little appeal to me as excuses for the periods of inactivity involved herein.

Since these are proper circumstances for dismissal for lack of prosecution plaintiff's motion for summary judgment is denied.

It is therefore,

ORDERED, ADJUDGED AND DECREED that the cases listed on the attached schedule are dismissed for lack of prosecution.